**WOODS CONSTRUCTION COMPANY, Inc., a corporation, and American Casualty Co., of Reading, Pennsylvania, Appellants,**

v.

**ATLAS CHEMICAL INDUSTRIES, INC., a corporation, Appellee.**

No. 7735.

United States Court of Appeals. Tenth Circuit.

Nov. 9, 1964.

R. L. Davidson, Jr., Tulsa, Okl. (Glenn F. Prichard, Tulsa, Okl., on the brief), for appellants.

Harry D. Moreland, Tulsa, Okl. (Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

This appeal concerns the allowance of attorney's fees by the trial court. The verdict of the jury was for appellee, and following the disposition of post-trial motions, and after a further lapse of time, appellee filed an application for attorney's fees. The trial court allowed such fees, and this appeal was taken.

The appellant, Woods Construction Company, Inc., was a general contractor on a construction project and the appellant, American Casualty Co., was its surety. The appellee, Atlas Chemical Industries, Inc., provided materials to a subcontractor and brought suit under the Miller Act (40 U.S.C.A. § 270a et seq.) for a balance asserted to be owing to it from the subcontractor. The jury returned a verdict in favor of the appellee, and on May 31, 1963, judgment was entered by the clerk on the docket for the appellee and "its costs of action." The amount and the nature of such costs were not specified.

As their principal argument on appeal, the appellants urge that the trial court was in error in awarding attorney's fees by reason of the fact that the appellee did not file a proper request for such fees nor was application made at the proper time. The appellee urges that fees in an action of this character are provided by the Oklahoma statutes

and the fee should be handled as in cases of lien foreclosure and similar proceedings. Appellee further urges that the matter was properly presented by motion to the trial court since a hearing was necessary in order to determine the amount of such fees.

The record shows that the question of attorney's fees arose upon several occasions before the trial court. At the close of the trial the appellee in a motion for directed verdict asked for costs, and then specified that it was asking also for attorney's fees. On October 4, 1963, the court held a hearing on a motion for a new trial or judgment notwithstanding the verdict and appellee again brought up the matter of attorney's fees. On this occasion the court overruled the motion for a new trial and told the appellee, "As to attorney's fees, we will set them down at a later time. I don't want to burden this docket today." To this statement by the court the attorney for the appellee responded, "I think it would have to be on a motion, anyway, Your Honor." Some months later, on January 13, 1964, a hearing was had upon appellee's motion for attorney's fees, and the court granted the motion and gave fees as costs. This motion had been filed December 23, 1963, nearly three months after judgment had become final, and six months after judgment was entered on the docket by the clerk.

The appellee urges that the attorney's fees are provided by Oklahoma statute. This act states that under stated circumstances attorney's fees may be taxed and collected "as costs," 12 O.S.A. § 936. The fact that this method of handling attorney's fees is provided by state statute does not necessarily make them costs for all purposes in the federal courts. This was expressly so held in People of Sioux County, Nebraska v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547 and Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267. However, the complaint of appellee in the case at bar did not contain a prayer for attorney's fees but only for "costs." The appellee in its "Application for Allowance of Attorney's Fees" asked that they be taxed and collected as costs. The trial court in its order allowed the fees and directed they be charged as costs. Thus, the only manner in which the question was presented by appellee was as a matter of costs, although other methods are available. People of Sioux County, Nebraska v. National Surety Co., supra. Thus, it must be bound by the rules pertaining to costs. In Kizziar v. Dollar, 268 F.2d 914 (10th Cir.), relied on by appellee, we had before us a case where there was a prayer in the complaint for attorney's fees.

The record shows that the appellee did not comply with the time requirements set out in Rule 17(e) of the Rules of the District Court for the Northern District of Oklahoma. These rules require that the party recovering costs shall, within ten days after entry of judgment, file with the clerk a verified bill of costs. This rule also provides that the clerk may tax costs upon such a bill subject to review by the court if motion to retax is filed within five days thereafter. The statutory provision relating to costs contained in 28 U.S.C.A. § 1924 states that a party claiming any item of costs shall attach to his bill of costs an affidavit. Rule 54(d) of the Rules of Civil Procedure gives the clerk authority to tax costs, and this rule and Rule 83 of the Federal Rules of Civil Procedure contemplate that the United States District Courts shall promulgate rules of practice. It would appear that the local Rule 17(e) is such a rule, adopted in conformance with the Federal Rules, and 28 U.S.C.A. § 2071 and § 1924.

Rules of practice adopted by the United States District Courts, as the one with which we are here concerned, have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in the appropriate manner. Weil v. Neary, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243, Link v. Wabash R. R.,

291 F.2d 542 (7th Cir.) affd., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, Hicks v. Bekins Moving & Storage Co., 115 F.2d 406 (9th Cir.), Galveston Dry Dock & Const. Co. v. Standard Dredging Co., 40 F.2d 442 (2d Cir.); Cyc.Fed. Proc. 3rd Ed., § 7.09.

██ The local rule with which we are here concerned is of importance because it is designed to provide a time limit for the conclusion of the litigation in the trial court when further procedural steps depend on action of a party. It is apparent that there must be such a definite limit. A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action accordingly. A litigant has a right to rely upon the local rules, as the parties and the court are bound by them.

The court in Lee v. United States, 238 F.2d 341 (9th Cir.), considered an instance where the trial court had entered an order allowing an item in the cost bill when no appeal had been taken from the clerk's taxing of costs as provided by local rule. It was held that the order entered contrary to the rule was of no effect. The court held that the clerk's action became final on the day provided in the local rules.

█ The record shows that appellee did not comply with the local court rules as to time nor as to the verification of the cost bill as required by statute. The trial court was also bound by the rules and statutes, and was in error to award attorney's fees.

We do not reach the remaining questions presented by the parties, including the issue as to whether attorney's fees were properly allowed as costs in actions of this nature, and no opinion is expressed thereon.

Reversed and remanded.