Alex L. KALLAY et al., Plaintiffs,

v.

COMMUNITY NATIONAL LIFE INSURANCE COMPANY et al., Defendants,

INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant.

Civ. Nos. 67-C-127, 67-C-131.

United States District Court, N. D. Oklahoma, Civil Division.

March 26, 1971.

F. Paul Thieman, Jr., Tulsa, Okl., Edwin Kronfeld, Washington, D. C., for plaintiff.

James O. Ellison and L. K. Smith, Greer & Greer, Doerner, Stuart, Moreland, Saunders & Daniel, Tulsa, Okl., Theodore R. Finder and Beekman & Bogue, New York City, Cleeta John Rogers and A. Bob Jordan, Oklahoma City, Okl., Boesche, McDermott & Eskridge, Tulsa, Okl., for defendants.

Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., Gottesman, Wolgel & Smith, New York City, for Insurance Co. of North America.

F. Paul Thieman, Jr., Tulsa, Okl., for plaintiff.

Beekman & Bogue, and Theodore R. Finder, New York City, Boesche, McDermott & Eskridge, Tulsa, Okl., Fenton, Fenton, Smith, Reneau & Moon, Rogers & Rogers, Oklahoma City, Okl., Boone, Ellison & Smith, Tulsa, Okl., for defendants.

## CORRECTED ORDER

DAUGHERTY, District Judge.

The Plaintiffs have moved for the Court to review the action of the Court Clerk in refusing to tax the costs of the above-styled consolidated cases and alternatively have moved to extend their time to file a bill of costs.

The Court finds and concludes that the action of the Court Clerk in refusing to tax the costs was proper and that the time to file the bill of costs may not be extended.

The Judgment in the above-styled consolidated cases was filed on December 3, 1970. Rule 6(e) of the Local Court Rules provides:

"(e) Upon entry of judgment or decree in any case or proceeding, the party recovering costs shall within ten (10) days file a verified bill of costs with the Clerk upon forms provided by him; which shall have endorsed thereon proof of service upon the opposite party. The Clerk shall tax the costs in accordance with Rule 54(d), Federal Rules of Civil Procedure. * * * "

On December 18, 1970, the Plaintiffs filed their bill of costs with the Court Clerk. On December 29, 1970 the Clerk conducted a hearing on the bill of costs. Defendant Andresen & Co. and Third Party Defendant, Insurance Company of North America objected to allowing any part of the bill of costs asserting that the bill was not timely filed. On January 15, 1971 the Clerk denied the bill of costs in its entirety as not being timely filed citing Rule 6(e) of the Local Rules and Woods Construction Co. v. Atlas Chemical Industries, Inc., 337 F.2d 888 (Tenth Cir. 1964).

As Local Rule 6(e) is a Rule made and adopted by this Court, the members of this Court are possessed with knowledge of the precise intent of the Rule and may interpret their own Rule, if necessary. This member of the Court has been authorized to speak for all members of the Court in stating that

it is the intention of Rule 6(e) that a bill of costs be filed within ten (10) days from the entry of judgment as provided by Rule 58, Federal Rules of Civil Procedure, or the right to file such a bill is lost and that such is the interpretation of said Local Rule by all the members of this Court.[1] Our Circuit in *Woods Construction Co. v. Atlas Chemical Industries, Inc., Supra,* has concluded to this same effect.[2]

■ ■ Plaintiffs argue that because Motions For New Trial in the consolidated cases were not ruled on within the prescribed ten-day period, Local Rule 6(e) should not commence to run until said Motions had been ruled on.[3] This, however, is not what the Rule provides. By Local Rule 6(e) this Court selected the date of judgment and no other date as the date the ten-day period for filing a bill of costs starts to run. A Motion For New Trial by a losing party is not a necessary prerequisite to an appeal by such party. Rule 58, Federal Rules of Civil Procedure, was amended in 1963 to provide that every judgment shall be set forth on a separate document. This Amendment was made to make complete-

ly clear the date of the entry of a judgment as it relates to giving notice of appeal, moving for a new trial or any other post-judgment relief available to the parties. Thus, as normally a judgment must be entered in every controverted case and the date and method of entering the same has purposely been made clear and definite beyond doubt by Rule 58, Federal Rules of Civil Procedure, this Court selected such event and date thereof to start the time for filing a bill of costs.

Plaintiffs finally assert that they are entitled to an extension of time within which to file their bill of costs under Rule 6(b) of the Federal Rules of Civil Procedure. This Rule provides:

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous

---

1. The United States District Court for the Western District of Oklahoma (of which Court two members of this Court are also members as so-called "roving judges") had the same Rule as the above-quoted Local Rule 6(e). However, effective January 1, 1971 that Court adopted a new Rule which still requires the filing of a bill of costs within ten (10) days from the *entry of judgment* but allows an extension of said period if a request is made to the Court within said ten-day period. Plaintiffs here would even fail under such liberalized Rule for they made no request for an extension within the prescribed ten-day period. This new Rule of that Court demonstrates its intention that the said ten-day period must either produce a filed bill of costs or a filed request for an extension of time within which to file a bill of costs or the matter of taxing costs is thereafter precluded.

2. This case held:
   "The local rule with which we are here concerned is of importance because it is

designed to provide a time limit for the conclusion of the litigation in the trial court *when further procedural steps depend on action of a party.* It is apparent that there must be such a definite limit. A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action accordingly. A litigant has a right to rely upon the local rules, as the parties and the court are bound by them." (Emphasis added.)

3. Plaintiffs' actions were not consistent with this position, for they filed their bill of costs after only two of three pending motions for new trial were ruled on by the Court. To be consistent the Plaintiffs should have filed their bill of costs within ten (10) days after the last Motion For New Trial was ruled on by the Court.

order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."

■ ■ Such Rule by its clear language applies to time periods prescribed by the Federal Rules of Civil Procedure and not time periods prescribed by the Rules of this Court. In any event, procedure under the above Rule is discretionary with the Court and this Court will not exercise its discretion to do an act contrary to its own Rules.

The Plaintiffs did not comply with Local Rule 6(e) and have thereby lost their right to have the Clerk tax their costs. The action of the Clerk in refusing to tax the costs was correct and is approved by the Court. The Plaintiffs' Motion to order the Clerk to tax the costs or in the alternative to grant an extension of time in which to file their bill of costs is denied in its entirety.