GREEN CONSTRUCTION COMPANY, et al., Plaintiffs,

v.

WILLIAMS FORM ENGINEERING CORPORATION, et al., Defendants,

and

WILLIAMS FORM ENGINEERING CORPORATION, Third-Party Plaintiff,

v.

UNITED STATES of America and United States Army Corps of Engineers, Third-Party Defendants.

No. G75–248 CA1.

United States District Court, W.D. Michigan, S.D.

Jan. 11, 1984.

Warner, Norcross & Judd, by Peter Gustafson, Grand Rapids, Mich., for Williams Form Engineering Corp.

McInally, Rockwell, Brucker, Newcombe & Wilke by Wilber M. Brucker, Jr., Detroit, Mich., Allaben, Massie, Vander Weyden & Timmer, by Sam F. Massie, Jr., Grand Rapids, Mich., for Gibraltar Cement Products.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., for third-party defendants.

Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton by Harold M. Street, Muskegon, Mich., Dreher, Wilson & Adams by Robert E. Dreher and Robert A. Mannheimer, Des Moines, Iowa, for plaintiffs.

OPINION RE PLAINTIFFS' BILL OF COSTS

HILLMAN, District Judge.

The issue before the court is whether plaintiffs have forfeited their right to district court costs for having failed to comply with our Local Court Rule which requires a bill of costs to be filed with the Clerk within 30 days from termination of the case. Local Court Rule 10(o) (United States District Court for the Western District of Michigan) provides:

"(o) *Bill of Costs*—If counsel for the litigants in a civil case can agree on costs, it is not necessary to file a cost bill with the Clerk. If counsel cannot agree, a cost bill will be filed with the Clerk within thirty (30) days from termination of the case. If a cost bill is filed, the Clerk will assess costs after notice and hearing. No costs are to be paid except those due the Clerk."

Plaintiffs were awarded a judgment in this court which was considerably less than the amount originally claimed, and plaintiffs appealed to the Court of Appeals for the Sixth Circuit. Judgment was affirmed and the mandate of the Sixth Circuit was issued on June 2, 1983. It is not disputed that the latest possible date for determin-

ing the "termination of the case" was the date of the mandate. Thus, plaintiffs' bill of costs was required to be filed on or before July 2, 1983. However, it was not filed with the Clerk until August 1, 1983, 60 days after the termination of the case. Defendant Williams Form Engineering Corporation has objected to the taxing of plaintiffs' costs, claiming that the failure of plaintiffs to comply with the 30-day time requirement set forth in Local Court Rule 10(*o*), forecloses taxing of costs. The Clerk, being uncertain how to proceed, has referred the matter to me for decision.

■ District courts are empowered by statute to prescribe rules governing their practice and the conduct of their business. 28 U.S.C. § 2071; Fed.R.Civ.P. 83. As Local Rule 10(*o*) is a Rule made and adopted by this Court, all attorneys who practice in our court are charged with knowledge of these rules. Plaintiffs argue, without citing authority, that the court rule is permissive in nature, rather than mandatory. I disagree. Rules of practice adopted by the district courts have the force and effect of law, and are binding not only upon the parties, but also upon the court which adopted them. *Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888 (10th Cir.1964). In *Woods*, the court concluded that the party seeking costs had failed to timely comply with the local court rules and, therefore, was not entitled to costs. The district judge, in allowing costs, had "relaxed" the mandated time requirement set forth in the local rules. The Tenth Circuit held this to be error. In explaining its decision, the court said at page 891:

> "The local rule with which we are here concerned is of importance because it is designed to provide a time limit for the conclusion of the litigation in the trial court when further procedural steps depend on action of a party. It is apparent that there must be such a definite limit. A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action accordingly. A litigant has a right to rely upon the local rules, as the parties and the court are bound by them."

■ Plaintiffs did not comply with our Local Rule requiring bill of costs to be filed within 30 days. No extension of time was sought within that period. Consequently, they have lost their right to their costs. Plaintiffs' petition for taxing the bill of costs, filed August 1, 1983, or in the alternative, to grant an extension of time in which to file their bill of costs is denied in its entirety.

IT IS SO ORDERED.