**Robert E. ABNEY, et al., Plaintiffs,**

v.

**William R. PATTEN, et al., Defendants.**

**No. CIV–84–44–A.**

United States District Court,
W.D. Oklahoma.

Aug. 24, 1987.

Richard R. Thomas, Christopher Lee and Alfred W. Ricciardi, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., J.R. Randy Baker, McKinney, Stringer & Webster, Oklahoma City, Okl., Michael R. Devitt, Glenn Baylor Jenks and Cathy Holt, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., for plaintiffs.

Pamela S. Anderson, Sidney G. Dunagan, Oliver S. Howard, Gene C. Buzzard, Gable & Gotwals, Tulsa, Okl., for FDIC.

Lance Stockwell, Boesche, McDermott & Eskridge, Tulsa, Okl., for John L. Paulhamus.

Andrew Coats, Brooke S. Murphy, Harvey D. Ellis, Jr., Crowe & Dunlevy, Oklahoma City, Okl., for Joe Edwards, Eric Gray and Steven Shreder.

Douglas C. McBee and Sally E. Scott, Don G. Holladay, Gretchen A. Harris, Andrews, Davis, Legg Bixler Milsten & Mur-

rah, Oklahoma City, Okl., Rebecca J. Patten, Eglish, Patten, Mitchell & Rife, Norman, Okl., for defendants.

## ORDER

ALLEY, District Judge.

The Court is informed that tortuous settlement proceedings have occurred in this case. Plaintiffs' counsel first told the Court it was settled; the case was administratively closed; and then Mr. Paulhamus for FDIC told the Court the settlement was off. If this be so, the FDIC settlement participation in the case is consistent with what the Court has observed in other cases.

The Court filed an Order on July 10, 1987 obliging FDIC as a party to the law suit to explain certain actions in connection with settlement negotiations, and in anticipation of a settlement conference to designate an FDIC representative with authority to approve a settlement.

The FDIC's response, filed August 7, 1987, is in full as follows:

COMES NOW the Defendant, the Federal Deposit Insurance Corporation, as Receiver for Security National Bank and Trust Company of Norman, Oklahoma (the "FDIC"), and for its response to the Court's Order of July 10, 1987 (the "Order"), advises the Court as follows:

1. The FDIC is not unwilling to engage in settlement negotiations in this case. Indeed, the FDIC has already discussed the possibility of settlement of the case with the other parties herein, and welcomes the opportunity to do so in the future along the lines traditionally employed in actions before this Court involving the FIDC.

2. However, the FDIC respectfully submits that it should not be compelled to engage in settlement negotiations on the terms imposed by the Order.

3. Further, the FDIC believes the Order to be in excess of the authority over settlement negotiations conferred on the Court by Fed.R.Civ.P. 16(c)(7).

Accordingly, the FDIC respectfully declines to comply with the Court's July 10, 1987 Order and so advised the Court.

That response raises three questions before the Court: Is the Court's Order of July 10, 1987 valid? If so, has FDIC disobeyed it? If so, what ought to be done about the disobedience?

In view of FDIC intransigence, the first numbered paragraph of the Court's Order of July 10, 1987 serves no further purpose and it is vacated.

■■■ 1. The Court has the power, and indeed the responsibility, to oblige FDIC to designate a person with settlement authority. Federal Rule of Civil Procedure 16(a)(5) and 16(c)(7), as amended as recently as 1983, recognizes the importance of settlement proceedings in the dispositions of law suits. Obviously the Rule does not permit compelled settlements, nor even the imposition of settlement negotiations on unwilling litigants. *See* Report of the Advisory Committee on Federal Civil Rules, 97 F.R.D. 165, 211 (1982). However, as the Advisory Committee points out in the same passage: "A settlement conference is appropriate at any time." The horses may be led to water. Whether they drink is up to them.

Federal Rule of Civil Procedure 83 empowers district courts to make and amend rules governing their practices, if not inconsistent with the Federal Rules of Civil Procedure. Local Rule of Court 17(H), as revised on August 11, 1986 after giving appropriate public notice and an opportunity for comment, states in connection with settlement conferences: "The lead attorney who will try the case for each party shall appear, *and shall be accompanied by one with full settlement authority*. The latter will be ... representatives of parties who are not natural parties.... (emphasis supplied)" Valid Local Rules of Court have the force and effect of law. *Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir.1980); *Woods Construction Co. v. Atlas Chemical Industries*, 337 F.2d 888 (10th Cir. 1964).

The Court's Order of July 10, 1987 does not impose settlement negotiations upon

unwilling parties and does not oblige a settlement. It is, in view of FDIC practice concerning settlement conferences and negotiations, merely a means of enforcing against this noncomplying litigant the provisions of Local Rule of Court 17(H). The person with full settlement authority on behalf of FDIC must be known in order to assure that FDIC will comply with the Local Rule when the authorized conference is held. The tacit premise of the FDIC response that it "... welcomes the opportunity to ... [negotiate] in the future along the lines traditionally employed in actions before this Court involving the FDIC" is that the FDIC is traditionally in consistent violation of the Local Rule. It is.

■ Is FDIC immune by some process of self-selection from the Rules applicable to litigants in general? It is of interest that FDIC is a government corporation (12 U.S.C. § 1812) whose governance is through a Board of Directors (12 U.S.C. § 1812) rather than direct presidential supervision or congressional direction. This case raises no issue of unseemly conflict with the political branches of government. FDIC can "sue and be sued, complain and defend" (12 U.S.C. § 1819 (4th)). Although, as litigant, FDIC enjoys some advantages of substantive law not available to all, *see e.g.*, 12 U.S.C. § 1823(e), nothing in the statutes or case law found by this Court supports the proposition that FDIC may "sue and be sued" only in accordance with such procedures as it unilaterally deigns to accept. One construction of its response to the Court's Order is that it asserts Local Rule of Court 17(H) is invalid as to all litigants. This is untenable. An alternative construction is that FDIC asserts Local Rule 17(H) is invalid only as to it and not to other litigants. This is even more untenable.

Great industrial and marketing firms are litigants before this Court. These include the General Motors Corporation, Mobil Corporation, Sears Roebuck and Company and others in recent cases. The magnitude of their corporate responsibilities at least equates to that of FDIC. These private corporations comply with the law or are held to account. Is FDIC different from these private litigants because it is a government corporation?

The answer must be an emphatic "No!" In *Van Bronkhorst v. SAFECO Corporation*, 529 F.2d 943 (9th Cir., 1976), the Equal Employment Opportunity Commission was equally defiant of a United States District Court Order to produce someone who could commit the EEOC to a definite decision as regards proposed settlement and a consent decree. The EEOC conduct was described as follows:

"It never asked for more time nor did the Commission ever ask for reconsideration of the Court's Order of November 26, 1974 or oppose the entry of the Court's Findings of Fact and Conclusions of Law of December 20, 1974. It made no motion for relief pursuant to § 60(b) F.R.Civ.P. asserting surprise or misunderstanding of the Order (footnote omitted). If [sic] made no attempt whatever to accommodate the Court in any fashion and presented the Court purely and simply with its failure to cooperate. Bluntly stated, the Commission confronted the Court by its conduct with the implicit assertion that it had the right to deal with the Court on its own terms, as and when it pleased; and this, notwithstanding the pressing circumstances which compelled the Court's action." (529 F.2d 943, 949, 950).

To be sure, in the *Van Bronkhorst* case there was a history of unsuccessful negotiation between the parties, the Court, and EEOC to bring EEOC into compliance with the preliminary structure the Court had set down for settlement. The Court there was more indulgent than the Court has been here. However, the basic nature of the controversy was the same. A government agency asserted that it was beyond those powers of the Court that could be applied to other litigants and simply disobeyed a lawful order. The result was that EEOC was dismissed from the litigation.

Local Rule of Court 17(H) is valid, and this Court's Order of July 10, 1987 is a valid implementation of Local Rule of Court 17, which itself is based on Federal Rule of Civil Procedure 16.

2. FDIC is in disobedience of the Order. The final paragraph of its response tells the Court that in so many words. This course of action raises ethical as well as legal questions. Disciplinary Rule 7–106(A) of the Code of Professional Responsibility provides: "A lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but he may take appropriate steps in good faith to test the validity of such rule or ruling." No request for reconsideration was submitted, nor application for extension of time to work the matter out, nor application for appeal of an interlocutory decision pursuant to 28 U.S.C. § 1292(b). Instead the FDIC posture, as was the agency posture in *Van Bronkhorst,* is a considered election of total disobedience. No ... "appropriate steps in good faith to test the validity of ... ruling ..." were taken.

3. What should be done? By this order the Court finds that FDIC is in deliberate disobedience of the Court's Order of July 10, 1987. A hearing will be conducted on the 18th day of September, 1987, at 4:00 p.m., to be attended by counsel of record for all parties in the case. At the hearing the Court will consider the appropriate sanctions for FDIC's disobedience. If FDIC is ordered into default because of its deliberate disobedience, at the hearing the Court and counsel will discuss the satisfaction of Federal Rule of Civil Procedure 55(e) if any be needed.

At the hearing Messrs. Edwards, Gray, Shreder, and Paulhamus shall also show cause why they should not personally be held to be in violation of Federal Rule of Civil Procedure 11 with respect to numbered paragraphs 2 and 3 of their response filed August 7, 1987. No statute, case, rule, administrative decision, or any other basis whatsoever is asserted by counsel in support of those propositions. Of course, counsel for FDIC may, as counsel for any other party, present principled arguments to the effect that a previously entered court order is erroneous and may, consistent with Rule 11, argue for a modification, extension or overruling of existing law. The Rule 11 question in this case is wheth-er that was the nature of counsel's response, or whether it was impermissible, unprincipled rogue advocacy. The respondent counsel, and all other counsel in the case, are invited to file briefs on the question of whether a Rule 11 violation has taken place in the August 7th response. These briefs must be filed no later than the 11th day of September, 1987.

The third subject of discussion at the hearing will be whether this Court shall commence action either under Local Rule of Court 4 or the rules of the state bar association for violation of Disciplinary Rule 7–106.