TOWNSEND ENGINEERING
COMPANY, Plaintiff,

v.

HITEC CO., LTD., Defendant.

No. 85C8840.

United States District Court,
N.D. Illinois, E.D.

Oct. 30, 1987.

Clarence J. Fleming, Jones, Day, Reavis and Pogue, Chicago, Ill., Donald H. Zarley, Zarley, McKee, Thomte, Voorhees & Sease, Des Moines, Iowa, for plaintiff.

Lowell E. Sachnoff, Sarah R. Wolff, Bruce W. Boyd, Sachnoff, Weaver & Rubinstein, Chicago, Ill., James David Jacobs, Rosen, Dainow & Jacobs, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's December 2, 1986 memorandum opinion and order (the "Opinion") granted summary judgment in favor of HiTec Co., Ltd. ("HiTec") in the patent infringement action brought against HiTec by Townsend Engineering Company ("Townsend"). On September 16, 1987 the Court of Appeals for the Federal Circuit affirmed this Court's grant of summary judgment, and the mandate issued October 21. This opinion deals with the one remaining open issue: the collateral question of attorneys' fees and expenses in HiTec's favor.

HiTec's summary judgment motion had also sought to shift its attorneys' fees and

expenses to Townsend if HiTec were successful on the merits. Its original memorandum addressed that subject, but Townsend's responsive memorandum really did not. Accordingly Opinion 15 n. 12 deferred treatment of that question:

> HiTec's motion for attorneys' fees and costs under Rule 11 or 35 U.S.C. § 285 has really not been fully addressed by the parties. Ruling on that motion is deferred pending further submissions by the parties in light of this opinion.

On December 24, 1986 Townsend moved for extension of its time to appeal from the Opinion's adverse ruling on the merits until the matter of fees and expenses could be resolved and thus made a part of a single appeal. This Court denied that motion December 30.

Though this Court had certainly then expected a prompt tendering of the fees issue,[1] HiTec did not return with a motion and memorandum on the subject until August 11 of this year (after the case had been argued on appeal and while the parties were awaiting the Court of Appeals' decision). Townsend has therefore moved to strike HiTec's delayed effort as untimely under this District Court's General Rule 46:

> **Time for Filing Petitions for Attorney Fees.** A petition for attorney's fees in a civil proceeding shall be filed within ninety days of the entry of final judgment, provided that the court upon written motion and for good cause shown may extend the time. A petition for fees shall be denied if it is not filed within the period established by this rule.

HiTec responds in two ways:

1. Because it had asked for fees and expenses from the beginning, it says General Rule 46 has been satisfied (that is, the original request should be viewed as the General Rule 46 petition, with the current motion simply implementing that initial request).

2. Even if that is not the case, this Court should exercise its discretion in favor of allowing the current motion to be filed and considered.

██ HiTec's first position certainly does not commend itself as a sensible reading of General Rule 46. Though that rule is hardly a model of clarity (of which more later), it strains the ordinary meaning of language to view a non-specific demand such as HiTec's original request for the taxing of attorneys' fees—one addressed to the legal question whether fees should be assessed, included as part of a summary judgment motion that must necessarily precede and lead to "the entry of final judgment"—as constituting the "petition for attorney's fees" required to "be filed within ninety days of the entry of final judgment," as spoken of in General Rule 46. Surely the purpose of the rule—which is presumably to cause the collateral question of fees to be presented and considered within a reasonable time after resolution of the case's merits, while those are still fresh in the judge's mind—would not be served by filing a generalized request for fees within the time period, then letting it sit for an indefinite period before the movant provides the necessary factual input for decision to the court.

There may perhaps be better arguments for HiTec's first contention, but if so HiTec has not made them and this Court has not found them on its own. Accordingly the first contention is rejected, and this opinion moves on to the second.

Unquestionably HiTec's August 1987 request came well outside the ninety-day post-judgment period specified in General Rule 46. That fact calls for denial of the request under General Rule 46's last sentence *unless* this Court has the power to, and does, extend the ninety-day filing period *after* it has already expired. As already suggested, the rule itself does not in terms address all the questions it might or should

---

**1.** See *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 826–27 (7th Cir.1984) for a discussion of the chicken-and-egg problems posed by the need to reach separate decisions on the merits and on the amount of any fee award—and by the inherent potential for multiple appeals however the matters are handled. Even a quick submission and decision of the fees issue, permitting an appeal and a consolidation with the appeal on the merits, would leave open the prospect of a fee award for victory in the Court of Appeals.

have: Most significantly for the present problem, the rule does not *say* whether the motion for extension must be made within the originally prescribed ninety-day period, or whether the court can find "good cause" for an extension even after ninety days have elapsed.

Inexplicably, neither side has really addressed that question at all in its memoranda. This Court's own view—thus arrived at without the assistance of the litigants—is that this District Court's General Rules are necessarily subject to the overarching provisions of the Federal Rules of Civil Procedure ("Rules"), for local district court rules must draw their authority from Rule 83—and then only if "not inconsistent with these [R]ules." That principle together with the literal language of Rule 6(b) appear to bring the latter into play (emphasis added):

> **(b) Enlargement.** *When* by these rules or by a notice given thereunder or *by order of court* an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion
>
> (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or
>
> (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . .[2]

One avowed purpose of Rule 6(b) was to eliminate uncertainties about the finality of judgments (see, e.g., Notes of Advisory Committee on Rules to the 1946 Amendment to Rule 6(b)). Rule 6(b)'s final clause (omitted from the quotation above) forbids the extension of some timetables established by other Rules (those under Rules 59(b), (d) and (e) and 60(b) being perhaps the most familiar). By negative inference, then, a timing requirement such as that prescribed by our General Rule 46 *can* get a court's retrospective scrutiny for possible enlargement.[3] And that idea jibes as well with the well-known judicial treatment of fees awards as collateral to judgments on the merits, having no effect on the finality (that is, on the appealability and enforceability) of those judgments (see the extended discussion in *Exchange National Bank of Chicago v. Daniels*, 763 F.2d 286 (7th Cir.1985)).

This Court therefore has the power to—and should—examine just what HiTec has offered as the causes for its delay. They are these:

1. When Townsend moved to extend the time for its notice of appeal until after this Court had ruled on HiTec's original motion for attorneys' fees and expenses, HiTec's counsel explained the major logistical difficulties they had encountered and would continue to encounter in assembling the information required for that purpose (Dec. 30, 1986 Tr. 3). HiTec's counsel made it clear those difficulties were practical in nature, *not* "a lack of interest in [sic] our part in making the submission" (*id.*).[4]

2. Active settlement discussions ensued between the litigants "[a]lmost

**2.** [Footnote by this Court] This District Court's General Rules are, of course, adopted "by order of court." Moreover, it would surely seem anomalous for both the timing provisions of the Federal Rules of Civil Procedure and the timing provisions of an individual court's order to be subject to post-hoc extension under Rule 6(b), while an entire District Court's General Rules—which occupy an intermediate position between those first two categories in jurisprudential terms—could not qualify for Rule 6(b) treatment.

**3.** Indeed, even were the reasoning in n. 2 not followed—even were Rule 6(b) to be held inapplicable as an overlay to General Rule 46 (this is the dubious suggestion of *Kallay v. Community*

*National Life Ins. Co.*, 52 F.R.D. 139, 142 (N.D. Okla.1971))—this Court would reach the same conclusion as to what standards to apply here. Surely (1) General Rule 46 cannot be read as jurisdictional, (2) its less-than-pellucid language militates against reading it as forcing a motion for relief to be made *within* the ninety-day period on pain of automatic denial if it is not, and (3) Rule 6(b) states the most reasonable standard for relieving parties and counsel from the strict operation of a timeliness requirement in any event.

**4.** This Court's denial of Townsend's motion was occasioned both by the concept that "Fees, after all, are collateral issues" (*id.* at 2) and by the related idea that the appeal on the merits ought

from the date of the decision [the Opinion]" (Jacobs [5] Aff. at 2, Ex. B to HiTec's Aug. 1987 alternative motion). Those discussions were for settlement of this action and of the related litigation in Japan and for "some type of worldwide accommodation" (*id.*). Fees and expense reimbursement to HiTec were an integral part of the settlement discussions (*id.*).

3. Those settlement discussions proved protracted, by reason "of the necessity to communicate to HITEC in writing and to translate the offers, counteroffers, clarifications, and strategic considerations" and also "the respective parties' business commitments and the appeal of this court's decision to the Federal Circuit Court of Appeals" (*id.* at 3). During that entire period HiTec's lawyer periodically told Townsend's lawyer "that if settlement was not successful, HITEC intended to pursue its motion for reasonable expenses" but "that until complete exploration of settlement HITEC would not file its further submission" (*id.*).

4. Settlement first appeared unlikely after April 1, 1987. At that point the brief on appeal and the preparation for oral argument had to take place, and "[g]iven HITEC's limited resources priority was given to these matters" (*id.*).

5. Finally (*id.* at 3–4):

Work resumed in earnest on HITEC's additional submission on its Motion for Reasonable Expenses after oral argument on June 4, 1987. Prior to submitting HITEC's papers to this court I [Jacobs] required that HITEC be able to substantiate that each item of expense was directly and solely attributable to this action. As a result numerous revisions and explanations were necessary. Once again the language and distance barriers slowed preparation of the papers. The finished papers filed in this court on August 6, 1987 did not include the significant volume of documentary substantiation that has been prepared and is ready for submission at this court's request.

All this should be looked at in the context of the fact that were this Court to bar HiTec's motion, that would automatically result in saddling it with major expenses for having had to defend an action found by the Court of Appeals for the Federal Circuit, as well as this Court, as totally without merit. Nothing in the Court of Appeals' decision suggests Townsend's arguments were at all colorable (the best that is said by that Court is that "Townsend makes a number of creative, but unpersuasive, arguments in support of its contention that there were factual issues that precluded summary judgment on the prosecution history estoppel issue" (slip op. at 11)). This point does not of course amount to a definitive ruling on the applicability of Rule 11 or 35 U.S.C. § 285 to shift HiTec's fees and expenses to Townsend (a subject that has *still* not been addressed by Townsend on the merits). It simply indicates that any discretionary application of the Rule 6(b) (or comparable) standard to *deny* HiTec the opportunity to present its petition could very likely reward a wholly undeserving litigant.

In any event, this Court finds what HiTec has offered is an ample demonstration of "cause shown" for its untimely filing, as Rule 6(b) requires under both its branches.[6] As for the other component of Rule 6(b)—a required showing that "the failure to act was the result of excusable neglect"—it would really be unfair to label HiTec's or its counsel's conduct outlined above as "neglect" at all. But if it *were* so characterized, this Court specifically finds that conduct "excusable" in light of all the circumstances. Leave is therefore granted to HiTec to file its motion for attorneys' fees and expenses.

---

to move forward promptly, rather than awaiting the resolution of such a collateral issue.

**5.** Affiant James Jacobs ("Jacobs") is HiTec's principal counsel.

**6.** It is worth noting that in direct response to an inquiry on the subject from Townsend's local

counsel, HiTec's local counsel also specifically advised him on February 10, 1987 (within the General Rule 46 ninety-day period following the Opinion)—that HiTec did intend to pursue its attorneys' fee motion in this proceeding (Wolff Aff. ¶ 2, Ex. C to HiTec's Aug. 1987 alternative motion).

Just a few final words are in order. To this point Townsend has addressed neither (a) the substantive propriety of assessing fees and expenses against it nor (b) the proper amount of those items if they are in fact assessed. Fee disputes tend to generate satellite litigation that can be time-consuming and hence expensive (with the potential for fees on fees). Accordingly Townsend's counsel is ordered to confer with HiTec's counsel expeditiously, with a view toward minimizing (if not obviating entirely) the need for an evidentiary hearing, and is then ordered to file with this Court on or before November 25, 1987:

1. a memorandum challenging, to the extent Townsend finds that appropriate, the imposition of fees and expenses at all;[7] and

2. a statement identifying the noncontroverted and controverted aspects of HiTec's petition, with a memorandum as to the bases for disputing the controverted aspects and an estimate of the time needed for any necessary evidentiary hearing.

No further response from HiTec is ordered at this time. Instead the matter is set for a status hearing November 30, 1987 at 9 a.m.

---

**7.** Townsend must recognize it appears to have an uphill battle in that respect, given this Court's Opinion on the summary judgment mo-

tion and the Court of Appeals' straightforward affirmance of all aspects of the Opinion.