**Maurine V. O'SHEA, Plaintiff,**

v.

**YELLOW TECHNOLOGY SERVICES, INC., Defendant.**

**No. 96–2370–GTV.**

United States District Court, D. Kansas.

July 18, 2002.

James E. Kunce, Overland Park, KS, for plaintiff.

Robert W. McKinley, Tedrick A. Housh, III, Lathrop & Gage L.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

G. THOMAS VANBEBBER, Senior District Judge.

The court has under consideration the Motion to Retax (Doc. 112) filed by the defendant Yellow Technology Services, Inc. When the defendant presented its bill of costs to the clerk of the court, the clerk declined to allow costs to Defendant because the bill of costs was not timely filed. In most respects the motion appears to the court to be one to permit the late filing of the bill of costs. For the reasons stated herein, the motion is denied.

A jury trial was held in this case which resulted in a verdict in favor of Defendant. Judgment for Defendant was entered on the jury verdict on February 14, 2001. Defendant filed its bill of costs on May 18, 2001. The local rule of court, D. Kan. Rule 54.1, provides that the party entitled to recover costs must file a bill of costs within thirty days after the expiration of the time allowed for appeal of a final judgment, and that the failure to timely file constitutes a waiver of any claim for costs. No appeal was filed in this case, and the time for filing a notice of appeal expired March 16, 2001. The time for filing the bill of costs ran out on April 15, 2001. The motion now before the court was filed July 1, 2002. The record discloses that the clerk sent notice to the parties that costs would not be allowed in July 2001, but counsel for Defendant claimed that the notice was not received. The clerk notified counsel for Defendant of the refusal to award costs by a letter dated June 24, 2001. Defendant's motion states that "[p]rior to receiving this ruling, Yellow briefed the issue and requested the court exercise its discretion to grant an enlargement of time to file its Bill of Costs." This statement does not appear to the court to be accurate. In Defendant's response (Doc. 110) to Plaintiff's objection to the bill of costs there is a statement made that the court has discretion to allow an enlargement of time, but no request was ever made to the court to grant such an enlargement, and no motion to enlarge the time was ever filed. It is a fundamental matter of practice in federal court that all applications for an order shall be made by motion. Fed.R.Civ.P. 7(b)(1). The rule is designed so that the court will not be left to speculate as to any relief sought by a party.

■ It is well settled that the rules of practice adopted by the United States District Courts have the force and effect of law. *Woods Constr. Co. Inc. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890 (10th Cir.1964). In its *Woods* opinion, the Tenth Circuit Court of Appeals held that it was error for a district court to award attorney's fees when the bill of costs had been filed outside the time limitation provided by a local rule of practice, and gave the following analysis for its approval of the requirements of the local rule:

> The local rule with which we are here concerned is of importance because it is designed to provide a time limit for the conclusion of the litigation in the trial court when further procedural steps depend on action of a party. It is apparent that there must be such a definite limit. A case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of the court, and be guided as to his future action accordingly. A litigant has a right to rely upon the local rules, as the parties and the court are bound by them.

*Id.* at 891. The same analysis is pertinent to the matter now before this court.

■ Defendant may be claiming that its neglect to file the bill of costs within the time limitations of D. Kan. Rule 54.1 was excusable. There is a brief statement in its motion that the untimely filing of the bill of costs was "due to legitimate scheduling conflicts and efforts to secure supporting documentation from his [counsel's] former firm." *In*

**636**

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court pointed to four factors relevant to the determination of excusable neglect: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the late-filing party; and (4) whether the late-filing party acted in good faith. Although Pioneer considered excusable neglect in the context of a late filing under the Bankruptcy Act, the meaning of the term should also apply to enlargements of time under Fed.R.Civ.P. 6(b)(2), where the same term is used. See *City of Chanute, Kansas v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994) (excusable neglect considered in the context of Fed. R.App. P. 4(a)(5)). This court concludes that the second and third factors articulated by the Supreme Court lead to a denial of Defendant's motion. The period of delay here was more than thirty days, and prevented the court from closing the case promptly. Both the court and Plaintiff were entitled to rely on the time limitations of Rule 54.1. More importantly, the court is not satisfied that counsel for Defendant was impeded in any significant way from either preparing and filing the bill of costs on time or filing a motion for an extension prior to the expiration of the established deadline.

IT IS, THEREFORE, BY THE COURT ORDERED, that Defendant's Motion to Retax (Doc. 112) is denied.

The clerk is directed to transmit copies of this order to counsel of record.

**BY THE COURT IT IS SO ORDERED.**