423 F.2d 106
 DICKINSON SUPPLY, INCORPORATED, a Domestic Corporation, Appellant,
v.
MONTANA-DAKOTA UTILITIES CO., a Foreign Corporation, Appellee.
DICKINSON SUPPLY, INCORPORATED, a Domestic Corporation, Appellee,
v.
MONTANA-DAKOTA UTILITIES CO., a Foreign Corporation, Appellant.
 No. 19723.
 No. 19756.
 United States Court of Appeals, Eighth Circuit.
 March 13, 1970.
 Rehearing Denied in No. 19723 March 30, 1970.
 
 COPYRIGHT MATERIAL OMITTED John L. Sherman, of Mackoff, Kellogg, Kirby & Kloster, Dickinson, N.D., for Dickinson Supply, Inc.
 Albert A. Wolf, of Wolf, Glaser & Milhollan, Bismarck, N.D., for Montana-Dakota Utilities Co.
 Before MATTHES, GIBSON and LAY, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This is a diversity case. Plaintiff Dickinson Supply, Inc. appeals from an adverse jury verdict rendered on its claim, arising from extensive damage to its building resulting from a fire and explosion. Suit was brought against the defendant Montana-Dakota Utilities Co., who supplied natural gas to plaintiff's building in March 1966. Plaintiff claimed that there was a natural gas explosion and fire caused by defendant's negligence. In a second count, plaintiff asserted that after the fire commenced, defendant carelessly and negligently failed to shut off the natural gas flowing into the building thereby contributing to its damage. A verdict was returned for the defendant on both counts. The basic issue on appeal concerns the trial court's refusal to allow the plaintiff to impeach its own witness. We affirm the judgment below.
 
 
 2
 The fire occurred on March 5, 1966, in Dickinson, North Dakota. Defendant's gas service man, Ray Foreman, gave the following testimony: at approximately 11:00 a.m., upon hearing the fire siren, he went immediately to Dickinson Supply, Inc.; his duty was to shut off the gas going through the Dickinson Supply plant; he shut off one meter within fifteen or twenty minutes after he arrived; and shortly thereafter he shut off the gas going to the boiler.
 
 
 3
 An attempt was then made to prove that Foreman had failed to turn the gas off, contrary to his testimony. Plaintiff called Laudie Kudrna as a witness. He was an employee of the defendant utility company. However, on the day of the fire he was serving as a volunteer fireman with the Dickinson Fire Department. Plaintiff expected Kudrna to testify that in the late afternoon he had returned to the scene of the fire and that he and another fireman found a gas pipe which was broken at the fitting. Plaintiff further expected Kudrna to say that he capped this pipe since gas was still coming from it. Thus, plaintiff's theory was that defendant was careless in failing to shut off the gas supply on the premises, thereby contributing to the fire damage which ensued.
 
 
 4
 Plaintiff claims that Kudrna gave the above details in a statement to the State Chief Deputy Fire Marshal on March 16, 1966, eleven days after the fire. Trial was held in December 1968. When Kudrna was called to testify, he could not recall finding a broken gas pipe or talking to another fireman about gas escaping into the building. He specifically denied capping or fixing a broken gas pipe during the course of the fire.
 
 
 5
 Plaintiff proved that Kudrna's signature was appended to plaintiff's Exhibit No. 4, which was a statement produced from the official file of the North Dakota State Fire Marshal. Kudrna admitted the authenticity of his signature but could not recall giving any written statement to the State Fire Marshal or his deputies. Objection was then made by the defendant that plaintiff was seeking to impeach his own witness. Thereafter the proceedings were removed to the court's chambers out of the presence of the jury. The witness, Kudrna, was then asked about the specific statements in plaintiff's Exhibit No. 4. He denied giving a written statement to anyone, and specifically denied the truth of the contents of plaintiff's Exhibit No. 4.
 
 
 6
 Clifford A. Ness, Jr. was then called, also out of the presence of the jury. He testified that he was employed as a Deputy Fire Marshal of the State of North Dakota and that he had helped investigate the particular fire in question. He related that on March 16, 1966, he took several oral statements of witnesses and then reduced their statements to typewritten or longhand form. He then asked the witnesses to read their statements and sign them. He said he affixed his signature as a witness on Exhibit No. 4. He did not specifically recall taking the statement of Laudie Kudrna. Some of the facts on the statement were familiar to him, including the portion that Kudrna capped the gas line. He remembered someone told him this. It is significant that the transcript reflects the following questions to Ness and his corresponding answers:
 
 
 7
 "Q. That information that a man by the name of Kudrna had capped a gas line, allegedly, was information you received from other sources on your first trip to Dickinson, right?
 
 
 8
 "A. Yes.
 
 
 9
 "Q. But you don't have any recollection that you received that information from this man (Kudrna), right?
 
 
 10
 "A. No."
 
 
 11
 The trial court court ruled that, based upon its prior knowledge of Exhibit 4, plaintiff had shown sufficient surprise to impeach the witness. However, the court ruled that no prejudice had resulted from Kudrna's direct testimony, and that under this circumstance, no impeachment could take place. Cf. Randazzo v. United States, 300 F. 794, 797-798 (8 Cir. 1924).
 
 
 12
 Plaintiff now claims that the district court erred in refusing to allow further cross-examination of Kudrna with the prior inconsistent statement. Plaintiff also asserts that said statement should have been received as substantive evidence of past recollection recorded[1] and that it also constitutes an admission against interest[2] of Kudrna's employer, Montana-Dakota Utilities Co.
 
 
 13
 We find that the district court's restriction as to further use of the statement for impeachment was not prejudicial to plaintiff.
 
 
 14
 We have considered the testimony given by Kudrna in the court's chambers. He denied making the statements contained in plaintiff's Exhibit No. 4. Proof of the authenticity of the witness' signature on a statement containing factual information allegedly given to another party does not, by itself, establish a sufficient foundation for the admissibility of the statement into evidence. It was incumbent upon plaintiff to prove, by the person taking the statement, that Kudrna actually made the remarks attributed to him. McCormick, Evidence § 37 (1954). Here, this essential proof was wanting. In fact, Ness, the Deputy Fire Marshal, who allegedly took the statement, denied any recollection of hearing Kudrna make any of the statements contained in Exhibit No. 4. Significantly, Ness related that the impeaching fact (capping a gas line) was information he learned from sources other than Kudrna.
 
 
 15
 In conclusion, and assuming arguendo that plaintiff was hurt by Kudrna's affirmative testimony (That he did not cap any gas pipe) we find no prejudice in the trial court's ruling as to further use of Exhibit No. 4 to impeach the witness. On the basis of plaintiff's offered proof, a foundation could not be laid to show that Kudrna ever made the statement in question. Plaintiff later called as a witness Jim Christensen, another fireman. He testified that at the scene of the fire he had pointed out a broken pipe[3] to Kudrna, and that Kudrna had said he would cap it. In the absence of actual proof that Kudrna himself had made the statements in plaintiff's Exhibit No. 4, Christensen's testimony was the only evidence by which plaintiff could attempt to neutralize Kudrna's prior testimony. Under these circumstances we find no error in the trial court's ruling.
 
 CROSS APPEAL ON COSTS
 
 16
 Defendant has cross appealed from the denial of its application and motion for extension of time for taxation costs. Judgment for the defendant was entered on December 16, 1968. On December 27, 1968, costs were taxed in the sum of $15.00 in favor of the defendant. On January 2, 1969, defendant filed its motion for retaxation of costs to assess its actual costs of $635.51.
 
 
 17
 Rule XXIV of the Rules of Procedure of the United States District Court for North Dakota provides that within ten days after the notice of entry of judgment allowing costs, the prevailing party shall serve on the attorney for the adverse party and file with the clerk, an application for taxation of costs. The rule also provides that upon failure to comply with the rule, all costs shall be waived save the clerk's costs. Rule 54(d) of the Federal Rules of Civil Procedure reads:
 
 
 18
 "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."
 
 
 19
 Defendant asserts that the clerk of the district court taxed costs of $15.00 eleven days after entry of judgment without the one day's notice to defendant as provided under Rule 54(d). Defendant maintains that the local rule contravenes Rule 54(d).
 
 
 20
 The district court may promulgate local rules of court not inconsistent with the federal rules of civil procedure. Fed.R.Civ.P. 83. Such rules may reasonably implement the federal rules of civil procedure. The district court's local rule did nothing more. The rule, in effect, gave ten days notice rather than just one day, that all costs, other than the clerk's costs which may be inserted in the judgment without application, would be waived. Defendant failed to heed this notice and the court rule provided waiver of further costs. The rule was designed to bring finality to the litigation and, under the circumstances, we deem it reasonable and proper. It was within the district court's discretion as to whether the defendant might otherwise have the costs retaxed. On the basis of the record, we cannot say that the district court abused its discretion in denying defendant's motion to retax the costs. Cf. Woods Construction Co. v. Atlas Chemical Industries, Inc., 337 F.2d 888 (10 Cir. 1964).
 
 
 21
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Use of the statement as past recollection recorded must fail for several reasons. First and foremost, the witness, although denying present recollection of the events, specifically denied the truth of the statement. It is also clear that the statement was not recorded contemporaneously with the event. See McCormick, Evidence § 9 (1954). See also Goings v. United States, 377 F.2d 753, 760 n. 8 (8 Cir. 1967)
 
 
 [2]
 The trial court found the witness, Kudrna, was acting in his capacity as a fireman at the time of the fire. The statement contained in plaintiff's Exhibit No. 4, even if true, does not represent facts told by the witness within the scope of the defendant's employment nor does the statement relate to conduct Kudrna carried on as an employee of the defendant. Under these circumstances the statement could not reflect admissions against the interest of the defendant
 
 
 [3]
 Christensen was not sure whether the pipe he saw was used for gas or water