Hiram G. HILL, Jr., Zygmunt J. P. Plater, and Donald S. Cohen,

v.

TENNESSEE VALLEY AUTHORITY.

Civ. No. 3–76–48.

United States District Court, E. D. Tennessee, N. D.

July 5, 1979.

W. P. Boone Dougherty, Peter Alliman, Knoxville, Tenn., for plaintiffs.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, James E. Fox, Asst. Gen. Counsel, Nicholas A. Della Volpe, Thomas A. Pedersen, Division of Law, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case, in the opinion of some taxpayers, represents a tragedy of errors, in which two Government agencies were involved taking opposite views as to the merits of the lawsuit. Around $100,000,000.00 has been spent on the Dam, which was the subject of this suit and which is idle at this time and has been idle since the permanent injunction was issued. Before the present suit was instituted there were two other suits involving the same subject matter which were appealed to the Court of Appeals. During this time, a small fish, approximately three inches in length, named the "snail darter," was discovered and placed on the Endangered Species List.

Plaintiffs, two professors and a student at the UT College of Law, instituted the present case to enjoin the closing of the Tellico Dam. The injunction sought was denied by this Court, from which ruling an appeal was taken to the Court of Appeals where the ruling of this Court was reversed. TVA sought and obtained a writ of certiorari from the Supreme Court of the United States where the case was finally heard and affirmed.

The complaint, filed in this Court on February 18, 1976, contained no prayer for attorneys' fees. On February 26, 1976, this Court denied plaintiffs' motion for a preliminary injunction. Following a three-day trial, in April, the case was dismissed on May 25, 1976. The appeal was heard on October 14, 1976, and the decision of the lower court was reversed on January 31, 1977. The mandate issued by the Court of Appeals on March 3, 1977, recites "COSTS: To be recovered by appellants, Filing fee $50.00." These were the only costs taxed by the Sixth Circuit. Plaintiffs filed no cost bill and sought no attorneys' fees in the Court of Appeals. On February 24, 1977, this Court, pursuant to instructions of the Court of Appeals, issued a final order permanently enjoining the closing of the Dam and destruction or modification of the snail darter's habitat. The order contained no provision for attorneys' fees and no request was then made for attorneys' fees. The Supreme Court affirmed the judgment of the Sixth Circuit in June, 1978. This judgment did not award any costs to plaintiffs. Plaintiffs did not seek attorneys' fees or other costs from that Court.

Plaintiff Plater seeks attorney's fees for representing himself as a litigant, as well as the other plaintiffs. Mr. Dougherty seeks attorney's fees for the legal work that he performed in the case. Plaintiffs also seek various other fees and costs. Plaintiffs' motion for costs and attorneys' fees was filed on June 18, 1978, pursuant to Section 11(g)(4) of the Endangered Species Act, 16 U.S.C. § 1540(g)(4) (1976). This motion comes some twenty-eight months after this Court issued its final order permanently enjoining the completion of the Tellico Reservoir pursuant to the mandate of the Sixth Circuit.

The allowance of litigation costs against the Government is an exception to the rule allowing costs in favor of certain litigants. Such costs may be imposed only to the extent allowed by law. Rule 54(d), Fed.R. Civ.P., 28 U.S.C. § 2412 (1976). Such fees are generally allowed in litigation involving private litigants only if provided for by statute or under one of the limited exceptions to the judicial rule disallowing them. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717–18, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). As against the Government, attorneys' fees may be allowed only as "provided by statute." 28 U.S.C. § 2412. *See Cassata v. Federal Savings & Loan Insurance Corp.,* 445 F.2d 122 (7th Cir. 1971).

Section 11(g)(4) of the Endangered Species Act permits attorneys' fees if within the sound discretion of the trial court such fees are appropriate. This Section reads as follows:

The court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate.

Counsel for the defendant state in their brief that they have found no case construing the meaning of the statutory term "in issuing any final order."[1] The language in the statute suggests, however, that requests for such fees should be made at the time or soon after the entry of the final judgment. Since twenty-eight months have elapsed since this Court's final order, and over a year has passed since the Supreme Court's final decision in this case, plaintiffs' request for attorneys' fees at this time is not appropriate. A right to recover costs which depends upon statute or court rule is lost by failure to seek costs within the time required. *See* 20 C.J.S. Costs § 275 (1940); *Woods Construction Co. v. Atlas Chemical Industries, Inc.,* 337 F.2d 888 (10th Cir.

---

1. In the case of *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court, construing the similar language of 20 U.S.C. § 1617, indicated that an award of attorneys' fees could be made after issuance of a final order. *Id.* at 722–723, 94 S.Ct. 2006. But that case did not involve an unexcused delay of the magnitude involved in this case.

1964); *Dickinson Supply, Inc. v. Montana-Dakota Utilities Co.,* 423 F.2d 106 (8th Cir. 1970).

Rule 59(e), Fed.R.Civ.P., provides that a motion to amend a judgment must be served not later than 10 days after entry of the judgment. *See Stacy v. Williams,* 446 F.2d 1366 (5th Cir. 1971).

If a motion seeks relief from a final judgment under Rule 60(b) because of mistake, inadvertence or excusable neglect, it must be made within a reasonable time and not more than a year after judgment. *Ackermann v. United States,* 340 U.S. 193, 197, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Wright & Miller, *Federal Practice and Procedure,* § 2866, at 233 (1973), applying Rule 60(b) to cases that have been appealed, states the rule as follows:

> [I]f the appeal should result in a substantive change in the judgment the time would run from the entry of the new judgment entered on mandate of the appellate court.

In our case, over two years have elapsed since this Court entered its "new judgment on mandate" and over one year since the Supreme Court's affirmance and no reason has been given for the delay in seeking relief. Accordingly, the request for fees must be denied.

Even aside from the issue of timeliness, no fees would be permitted in this case. In the opinion of the Court, this is not a case in which an award of fees would be "appropriate" as that term is understood in Section 11(g)(4).

There are in addition several specific items claimed which are clearly not allowable. Plaintiffs' claim for appellate printing costs and fees were not allowed under the appellate court's mandate issued in this case. These items were not claimed in either of the appellate courts, and neither court awarded them as the mandates show. This Court is not permitted to do so. *See Briggs v. Pennsylvania Railroad Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *DuBuit v. Harwell Enterprises, Inc.,* 540 F.2d 690, 692–93 (4th Cir. 1976). Furthermore, printing costs under the rules of the Supreme Court and the Sixth Circuit are to be determined by the clerks of those courts, not in this Court. Sup.Ct.R. 57(6); Fed.R. App.P. 39(c), (d). Requests for such costs in this Court should also be addressed to the Clerk of the Court.

An item of cost presented by plaintiffs with respect to airfare must be a mistake. For example, they claim a total of $753.51 for two trips to Cincinnati in 1976 (item 7). The commercial round trip fare then from Knoxville was $76.00. Similarly, $300.00 is claimed for transportation to the Supreme Court argument (item 10); the round trip fare at the time was $122.00.

At the time of the trial and the initial proceedings before the Sixth Circuit, plaintiff Plater was employed full-time as a salaried professor at the College of Law at the University of Tennessee. The Court is advised that he was also paid by the University for other assignments or research work during the 1975–76 school year. Upon leaving UT, he was employed by Wayne State University Law School. Both UT and Wayne State are tax-supported institutions. As attorney for himself and the other plaintiffs, he seeks recovery at the rate of $75.00 per hour. The snail darter case consumed three days in trial time in this Court. The Court is not familiar with the time consumed for work in the Court of Appeals.

Hourly rates of compensation for lawyers appointed to represent defendants charged with crimes under the Criminal Justice Act, 18 U.S.C. 3006A(d) (1976) are fixed by statute at a rate not exceeding $30.00 per hour for time expended in Court or before the United States Magistrate and $20.00 per hour for time reasonably expended out of court. 28 U.S.C. § 2412 provides in pertinent part:

> A judgment for costs when taxed against the Government shall, in an amount established by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation.

Not only is the rate of $75.00 per hour requested by Mr. Plater out of line, but

considering his full-time salaries, he should not be compensated beyond his reasonable expenses. Finally, the Court hesitates to award attorneys' fees based upon the work of an attorney who is also a party in the case. Allowance of such fees could easily lead to abuse of attorneys' fees provisions.

It seems to the Court that the taxpayers and rate payers have already been taxed to the limit in this litigation. In the opinion of the Court, the award of attorneys' fees and further costs in this case is not appropriate.

Order Accordingly.