**Leona S. SHULTS, Individually and as Stockholder on Behalf of Hornell Broadcasting Corporation, and all other similarly situated stockholders, Plaintiffs,**

v.

**Charles D. HENDERSON, Hornell Broadcasting Corporation, Defendants.**

**No. 84 CV 504 T.**

United States District Court,
W.D. New York.

April 14, 1986.

Balok & Urbanski, Elmira, N.Y., for plaintiffs.

Dadd & Dadd, P.C., Attica, N.Y. by Eric T. Dadd, for defendants.

1. Section 717 of the New York Business Corporation Law provides in pertinent part:

Directors and officers shall discharge the duties of their respective positions in good faith and with that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions.

N.Y.Bus.Corp.Law § 717 (McKinney 1963).

## MEMORANDUM AND ORDER

PLATT, District Judge.

### INTRODUCTION

A bench trial was held on October 28 and 29, 1985 in this case which involved alleged violations of federal securities laws and section 717 of the New York State Business Corporation Law,[1] as well as common law fraud and deceit. In a Memorandum and Order dated January 7, 1986 this Court held that in connection with the sale of a small upstate radio station, the failure of defendant Charles D. Henderson, the principal stockholder, to disclose fully to his fellow stockholders that in addition to the sale price of $80,000 the new owner was hiring him under a ten-year consulting contract at $7,000 per year, constituted a fraud and deceit within the meaning of Rule 10b–5 and the relevant federal securities law, as well as common law fraud, deceit and breach of fiduciary duty. *See Shults v. Henderson*, 625 F.Supp. 1419, 1425 (W.D.N.Y.1986). No damages were awarded, however, because the Court, after analyzing New York and Second Circuit case law, concluded that there was no proof that the plaintiffs had suffered pecuniary loss and that, absent proof of damages, no recovery may be had for ordinary fraud, W. Prosser & W. Keeton, *The Law of Torts*, p. 765 (5th ed. 1984), or under Rule 10b–5, *Byrnes v. Faulkner, Dawkins & Sullivan*, 550 F.2d 1303, 1313 (2d Cir.1977).

A final judgment in the case was entered in the Western District of New York on January 15, 1986 by the Office of the Clerk of Court in Rochester, New York. Subsequently, this Court received plaintiff's Rule 59 motion for a new trial on the issue of damages, Rule 59(b), or, alternatively, to alter or amend the judgment, Rule 59(e).[2]

2. The motion was made and signed by David Shults, Esq., son of plaintiff Leona S. Shults, of Shults and Shults, as "attorney-in-fact" for plaintiff. Prior to October 11, 1985 the Shults firm did represent all plaintiffs in this action. On that date, however, Judge Telesca of the Western District of New York signed a stipulation substituting Raymond J. Urbanski of the Elmira firm of Balok & Urbanski as counsel of record for plaintiffs. To date they have never been officially removed from that capacity.

The Court is constrained to dispose of this motion on procedural grounds, but is compelled to briefly address the merits of the motion.

## DISCUSSION

### A. *Plaintiff's Rule 59 Motion is Untimely*

■ A motion for a new trial or to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment. Fed.R.Civ.P. 59(b) and 59(e). In the case at bar, plaintiff's motion was mailed on January 31, 1986 to the Eastern District of New York, arriving on February 4, 1986. It was then forwarded to the Western District of New York where it was properly filed on February 12, 1986.[3] Despite the tardy filing, exacerbated by the error in mailing the papers to the Eastern District rather than the Western District, plaintiff asserts that the motion is still timely.

■ The period in which a Rule 59 motion must be made is not later than 10 days after the entry of judgment. This period is jurisdictional and, therefore, may not be enlarged either by leave of the Court or by consent of the parties.[4] In order to afford litigants a reasonable time to file such a motion, Rule 6 was recently amended to extend the exclusion of intermediate Saturdays, Sundays and legal holidays to the computation of time periods of less than 11 days. Prior to the 1985 amendment, which became effective August 1, 1985, the Rule applied only to periods of 7 days or less. The Advisory Committee Notes explain the rationale for the change: "Under the current version of the rule, parties bringing motions under Rules with 10 day periods could have as few as 5 working days to prepare their motions. This hardship would be especially acute in the case of Rule ... 59(b), (d) and (e), which may not be enlarged at the discretion of the Court."

■ In a Rule 59 motion the event which triggers the running of the 10-day clock is the entry of the final judgment, which in this case occurred on January 15, 1986. The day from which the designated period of time begins to run is not included, hence, starting with the 16th the 10-day period, excluding weekends and Martin Luther King's Birthday, expired on January 30, 1986.

Nevertheless, plaintiff claims that the motion is timely for the following reason. Rule 59 contains express provisions for ser-

---

Rule 11 of the Federal Rules of Civil Procedure dictates that

[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Attorney David Shults has not attempted to rectify the erroneous signing of this motion. Therefore, in light of the fact that this motion is signed in violation of Rule 11, the Court on its own initiative imposes upon the firm of Shults and Shults the reasonable expenses incurred by the defendants in responding to the motion.

3. Apparently recognizing the vulnerability of the timeliness of her present motion, plaintiff, on February 10, 1986, filed a notice of appeal in the Western District of New York. Fed.R. App.P. 4(a)(1). The proper and timely filing of a Rule 59 motion suspends the finality of a lower court judgment and necessarily tolls the time for taking an appeal. 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice*, ¶ 59.09[4] (2d ed. 1985). However, since the motion in this case was not timely, there was no effective suspension of the judgment or of the running of the time for an appeal.

4. "Rule 6(b) clearly prohibits court enlargement of the time period in the interest of judgment finality and in preventing an undue extension of the time for appeal.... It is not justifiable to allow the parties, without any court supervision, to thwart that policy, when they cannot, even with court leave, do so." 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice*, ¶ 59.09[1] at n. 28 (2d ed. 1985).

vice of the motion, not filing.[5] Plaintiff served the papers by depositing them in the mail on January 31, 1986. Under Rule 5(b) service by mail is complete upon mailing and plaintiff argues that the 31st was within the allotted time because Rule 6(e) provides that "whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

In so arguing plaintiff overlooks the plain, if at times unfair, dictate of Rule 59. The time to move runs from "the entry of the judgment," not from the time the parties receive notice. *See* 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice,* ¶ 59.09[1] (2d ed. 1985) ("[T]he 10 day period of Rule 59(b) starts running upon entry, even though a party has not received notice of the entry of the judgment, pursuant to Rule 77(d), from the clerk or adverse party, or the clerk fails to record a correct copy of the judgment as required by Rule 79(b)." *Id.* at 59–229 (footnotes omitted).

Thus, plaintiff's motion served on January 31 was untimely by one day and the Court has no choice but to deny the motion.

### B. *The Merits of the Motion*

█ Fully cognizant of the fact that the ensuing comments are no more than *dicta* in the light of the present posture of this case, nonetheless we feel it necessary to point out (i) that the affidavit of Kevin Doran sworn to January 31, 1986, tendered by plaintiff in this motion would not qualify as "newly discovered evidence" so as to make it admissible on plaintiff's motion because Mr. Doran testified at the trial; (ii) that the uncontested testimony of the corporation's attorney, Jerome Kornfeld (which we credited) was that the FCC would not have approved of the transfer of the license to Mr. Doran without the execution of a managerial consulting agreement

with Mr. Henderson (*see* Tr. of Kornfeld testimony, pp. 35–36); and (iii) that we credited Mr. Doran's testimony that Mr. Henderson performed substantial and valuable services for and to the corporation during the course of the agreement (Tr. of Doran testimony, pp. 25–26, 45–49).

### CONCLUSION

Plaintiff's motion must be and hereby is denied.

SO ORDERED.

---

5. *See, e.g., Allen v. Ault,* 564 F.2d 1198, 1199 (5th Cir.1977) (failure to file not fatal—motion served 8 days after entry of judgment but filed 11 days later was timely).