**Clifton PEASLEY, et al., Plaintiffs,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC., etc., et al., Defendants.**

**No. 89–0504–CIV.**

United States District Court,
S.D. Florida.

Oct. 12, 1989.

Roger Welcher, Miami, Fla., for U.S. Mineral Products.

David Lipman, Miami, Fla., for plaintiffs.

**ORDER REGARDING MOTION TO TAX COSTS AND PLAINTIFFS' MOTION TO STRIKE**

SCOTT, District Judge.

This cause is before the Court upon Defendant United States Mineral Products Company's Motion to Tax Costs and Plaintiffs' Motion to Strike Defendant U.S. Mineral Products Company's Motion to Tax Costs.

The Local Rules for the Southern District of Florida require the filing of a motion to tax costs within thirty (30) days after the entry of final judgment. General Rule 10.F. of the Local Rules for the Southern District of Florida. In this case, final judgment in favor of Defendant U.S. Mineral Products Co. was entered on August 7, 1989. Thus, the 30–day period within which the Defendant was required to file its motion expired on September 6, 1989. Defendant's motion was not filed, however, until September 13, 1989. As a result, Plaintiffs oppose the motion and have moved to strike it as untimely. To counter, Defendant argues that under Rule 6(e) it is entitled to three additional days and because it mailed the motion on September 7, 1989 it complied with the local rule.

█ By so arguing, Defendant overlooks several established principles. First, "the additional three days provided by Rule 6(e) do not apply to judgments which are not the subject of 'service,' whether or not the mails were used to transmit the judgment from the Clerk to a party." *Davis v. Lukhard,* 106 F.R.D. 317, 318 (E.D.Va. 1984). *See also Clements v. Florida East Coast Railway Company,* 473 F.2d 668 (5th Cir.1973) (Rule 6(e) provides no extension when the action required is not within a prescribed period after service of the order, but rather runs from the date of the order itself.); *Shults v. Henderson,* 110 F.R.D. 102 (D.C.N.Y.1986) (Rule 6(e) does not apply to the ten-day period in which a party must move for a new trial under Rule 59; the time in which to move runs from the entry of judgment, not from the date notice of judgment is sent to the parties). Second, "[c]ompliance with a *filing* requirement is not satisfied by *mailing* the

**682**

necessary papers within the allotted time." *Lee v. Dallas County Board of Education*, 578 F.2d 1177, 1178 (5th Cir.1978) (per curiam). Moreover, local rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them...." *Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890 (10th Cir.1964).

Despite counsel's resourceful arguments, Defendant's motion was untimely by one week and under the local rule, the Court has no choice but to deny Defendant's motion. *See Watkins v. McMillan*, 779 F.2d 1465 (11th Cir.1985) (per curiam) (enforcing local rule setting time limits for filing claims for attorney's fees); *Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888 (10th Cir.1964) (right to recover costs is lost by failure to seek costs within the time required by local rule); *Dickinson Supply, Inc. v. Montana–Dakota Utilities Co.*, 423 F.2d 106 (8th Cir.1970) (same).

Accordingly, Defendant's motion to tax costs is denied and plaintiffs' motion to strike is denied as moot.

DONE AND ORDERED.