**NETWORK PUBLICATIONS, INC., Plaintiff–Appellant,**

v.

**ELLIS GRAPHICS CORPORATION, Defendant–Appellee.**

No. 91–8045.

United States Court of Appeals, Eleventh Circuit.

April 27, 1992.

A. Keith Logue, Atlanta, Ga., for plaintiff-appellant.

Hugh M. Worsham, Jr., Hishon & Burbage, Atlanta, Ga., for defendant-appellee.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

This case concerns breach of warranty in the sale of two machines. The jury returned a general verdict for the buyer, Network Publications, for $598,056, an amount that necessarily included compensatory and consequential damages, and judgment was entered accordingly.

Pursuant to Rule 50(b), FRCiv.P., the seller, Ellis Graphics, filed a motion for judgment n/o/v and an alternative motion for new trial. The court granted defendant's motion for judgment n/o/v on the ground that plaintiff failed to introduce "any evidence on which the jury could have reasonably calculated either compensatory or consequential damages." The order's granting paragraph provided that the court granted "defendant's Motion for J.N.O.V. as to the jury's entire award of damages." The body of the order stated that "defendant is clearly entitled to j.n.o.v. on the issue of damages."

The order discussed only proof of damages and made no reference to the jury's finding that defendant Ellis was liable to plaintiff. Nor did the court hold that plaintiff suffered no damages, only that it failed to provide evidence of amount.

We hold that, in the circumstances of this case, the trial court, once it concluded that it should set aside the verdict, reversibly erred in not granting a new trial as a remedy rather than ordering judgment for the defendant.

The court did not rule on Ellis's alternative motion for a new trial, although Rule 50, as it then existed, required that it do so and that it state its reasons. This, however, is not the focus of our decision. Rather our concern is with the separate power of the court, once it has decided to open the judgment (i.e., set aside the verdict), to grant the remedy of a new trial rather than the remedy of a judgment to the trial loser.

### I. The power of the district court

Rule 50 itself, the Advisory Committee, the case law and text writers, make clear that once a trial court concludes that a verdict should be set aside for insufficiency of evidence it then has the option of granting a new trial or granting judgment to the movant (the loser at trial). Rule 50(b) itself says so:

> If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and *either order a new trial or direct the entry of judgment* as if the requested verdict had been directed. (Emphasis supplied.)

The Supreme Court says so:

> Rule 50(b) contains no language which absolutely requires a trial court to enter judgment notwithstanding the verdict even though that court is persuaded that it erred in failing to direct a verdict for the losing party. The rule provides that the trial court "may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." This "either-or" language means what it seems to mean, namely, that there are circumstances which might lead the trial court to believe that a new trial rather than a final determination of the trial stage of the controversy would better serve the

ends of justice. In short, the rule does not compel a trial judge to enter a judgment notwithstanding the verdict instead of ordering a new trial; it permits him to exercise a discretion to choose between the two alternatives.

*Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 215, 67 S.Ct. 752, 754, 91 L.Ed. 849 (1947).

The chairman of the Advisory Committee that drafted Rule 50 has described the use by the court of its discretionary power to direct a new trial rather than a judgment n/o/v even though it feels that the original motion for a directed verdict should have been granted.

> Of course, the court does not have to grant the motion for judgment notwithstanding the verdict, even though he thinks the original motion for a directed verdict should have been granted. This rule particularly provides that he may grant a new trial where justice would be served by it; where, for instance, it is obvious that the defect in proof of one side or the other is a thing that may be remedied at a new trial without perjury.

General William D. Mitchell, chairman of the Advisory Committee, in *New York Symposium on Federal Rules,* 1938, pp. 283–284. See also:

> A trial court or an appellate court in setting aside a verdict always has discretion, if justice requires it, to order a new trial, instead of directing the entry of judgment.

*Report of Proposed Amendments to Rules of Civil Procedure* (1946) 66. This language was relied upon by the Supreme Court in *Cone,* 330 U.S. at 216, n. 4, 67 S.Ct. at 755, n. 4.

Wright and Miller agree:

> The rule says that where a motion for a directed verdict is renewed by motion for judgment after verdict "the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." Thus the court has discretion to order a new trial rather than grant judgment if it believes that the defect in the

proof might be remedied on a second trial, or if needed evidence was ruled out by some error of the court.

C. Wright and A. Miller, *Federal Practice and Procedure,* § 2538, "Discretion of Court to Order New Trial", p. 605. Also,

> [The district court], if it thinks the motion [for judgment n/o/v] well taken but the defect in the proof possibly remediable, may order a new trial rather than judgment notwithstanding the verdict.

*Id.* at pp. 611–12.

■ The situation is different if the defect in the proof does not appear to be curable at a new trial:

> If the defect in the proof is of the sort that *could not be expected* to be cured by any evidence at a new trial, entry of judgment notwithstanding the verdict is appropriate. (Emphasis added.)

*Id.* at p. 608.

The discretionary power of the court to set aside the verdict and then grant a new trial rather than a judgment is reiterated by Wright and Miller in distinguishing between that discretionary power and the power of the court to act in response to the trial loser's alternative motion for a new trial.

> *The alternative motion for a new trial must be distinguished from the discretion of the court to order a new trial discussed in the preceding section.* The situation there considered [§ 2538] was that in which the party who has *lost* to the jury moves for a judgment not withstanding the verdict and *is entitled to that relief. The court may, if it chooses, order a new trial rather than judgment [n/o/v to the trial loser] to give the party who won the verdict an opportunity to mend his hold by introducing more evidence that will make the issue one for the jury.* This is a discretion that may provide a benefit for the *party who obtained* the verdict. (Emphasis added.)

*Id.* at pp. 607–08, § 2539, "Alternative Motion for Judgment for New Trial."

## II. The power of the appellate court

The appellate court has discretion to order a new trial even though the trial court granted judgment n/o/v to the trial loser.

> Even if the grant of judgment [n/o/v] was proper, the appellate court may order a new trial if the evidence was insufficient because of some trial error.

Wright and Miller, § 2540, "Appellate Review," at p. 614.

For several reasons we hold that in this case a new trial is the appropriate remedy rather than judgment n/o/v for the defendant.

(1.) The district court did not address the jury's finding of liability but left it intact. And, as we have pointed out, the court did not find that the plaintiff was not damaged—clearly plaintiff suffered some damages. If plaintiff failed in proof it was only as to amount.

(2.) Nothing in the judge's order reveals that he considered, or even realized, that he had the discretionary power, on his own, to grant a new trial as remedy rather than take away the plaintiff's judgment and grant judgment to defendant.

(3.) It is apparent from the judge's order that he understated the evidence of damages in holding that there was "no evidence." Arguably the proof of the amount of damages was sufficient but unquestionably there were some damages. With respect to consequential damages, plaintiff's witness explained that extra employees had to be employed to perform manually the delicate task of pin registration that the machines were supposed to perform and that, when these extra hires were not doing pin registration they were performing other tasks described as "filler work and stuff," such as sweeping floors. The number of extra hires varied. Records had not been kept of the exact number of extras nor of the time they devoted to pin registration and to the collateral "fill-in" work.

Sufficiency of the evidence was a close call, but certain it is that the district court's characterization of "no evidence" was not correct.[1]

This case is a paradigm of the situation where the decision setting aside the verdict remains intact and the compelling choice of remedy is a new trial rather than award of judgment to the trial loser. The case falls squarely within the language of the authorities: "It is *not* a case where the defect in proof could *not be expected* to be cured at a new trial." Wright and Miller, p. 608. (Emphasis added.) Rather it is a case in which the defect is "possibly remediable." *Id.* at 611–12. Plaintiff, who won on liability, should be given the opportunity to "mend his hold" by introducing more evidence. *Id.* at 607–08. It is a case for "grant[ing] a new trial where justice would be served by it; where ... it is obvious that the defect in proof ... is a thing that may be remedied at a new trial without perjury." Mitchell, Chairman of Advisory Committee, *supra*. And, at the Supreme Court put it in *Cone*, the circumstances are such that "a new trial rather than a final determination of the case would better serve the ends of justice." *Cone*, at 215, 67 S.Ct. at 754.

In this appeal plaintiff insisted that it was entitled to have judgment in its favor reinstated. It did not assert that, if the court did not grant that relief, it was entitled to at least a new trial. The request for a whole loaf does not preclude this court's discretion to grant the relief of half a loaf. "If appellee presents no new trial issues in his brief or in a petition for rehearing, the court of appeals may, in any event, order a new trial on its own motion or refer the question to the district court, based on factors encountered in its own review of the case." *Neely v. Eby Construction Co.*, 386 U.S. 317, 329, 87 S.Ct. 1072, 1080, 18 L.Ed.2d 75 (1966). "It was, of course, incumbent on the Court of Ap-

---

1. There is an additional reason for our conclusion that a new trial is the appropriate remedy. The judge's order, and the judgment, "grant j/n/o/v as to the jury's entire award of damages." We are uncertain what this means. Does it mean that the case is finally terminated? Or does it mean that the jury's determination of liability is to remain undisturbed and that there shall be a new trial on damages only?

peals to consider the new trial question in the light of its own experience with the case." *Id.* at 329–30, 87 S.Ct. at 1080–81.

We do not hold that a district court that has set aside the verdict for insufficiency must grant a new trial rather than a judgment to the trial loser. We do not make a rule for all cases. What we hold, and all we hold is that in the facts and circumstances of this case a new trial is the appropriate remedy.

The judgment of the district court is AFFIRMED to the extent that the judgment for plaintiff is set aside. In all other respects the judgment of the district court is VACATED and the case is REMANDED for a new trial on both the issue of liability and the issue of damages.