Anthony FIOTO, Jr., Plaintiff,

v.

**MANHATTAN WOODS GOLF ENTERPRISES, LLC, Manhattan Woods Golf Club, LLC and Kang Lee a/k/a Ken Lee, Defendants.**

No. 01 Civ. 5383(CM).

United States District Court, S.D. New York.

Feb. 4, 2004.

Todd D. Muhlstock, Mergel, Tubman & Grossman, New York City, for Plaintiff.

Chris P. Termini, McCabe, Collins, McGeough & Fowler, L.L.P., Mineola, NY, for Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL AS A MATTER OF DISCRETION, BUT CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL PENDING THE OUTCOME OF APPELLATE REVIEW

McMAHON, District Judge.

On April 4, 2003, following a three-day trial, a jury returned a verdict in favor of plaintiff on two claims against defendants. Count I alleged that defendants violated the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2612(a)(1)(C), by firing plaintiff from his job as sales manager at Manhattan Woods Golf Club after he took a day off work to be present while his dying mother underwent emergency brain surgery. Count II alleged a breach of contract growing out of the same conduct. The jury awarded plaintiff damages in the amount of $126,825 for defendants' violation of FMLA,[1] and in the amount of $74,375 for their breach of contract.

Defendants subsequently moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), on the ground that plaintiff failed to adduce any evidence that he qualified for FMLA leave. In the alternative, defendants sought reduction in the amount of FMLA damages awarded by the jury, arguing that the damages awarded to compensate plaintiff for the FMLA violation could not, as a matter of logic, be any greater than the damages awarded for defendants' breach of his employment contract. Defendants also asked the court to

overturn the verdict in plaintiff's favor on his breach of contract claim.

On July 2, 2003, I granted defendant's motion on the FMLA claim, causing the motion to reduce damages to become moot. *Fioto v. Manhattan Woods Golf Enterprises LLC,* 270 F.Supp.2d 401, 403 (S.D.N.Y. 2003). I denied the motion insofar as it addressed the breach of contract claim. *Id.,* at 406. I also recognized, however, that one or both parties might move pursuant to Rule 50(c)(2) and Rule 59 for a post-JMOL new trial. *Id.,* 406 n. 2. Judgment was entered on July 28, 2003. Familiarity with that opinion and order is assumed.

Plaintiff now seeks a new trial on the FMLA claim and on the damages portion of the breach of contract claim pursuant to Fed.R.Civ.P. 50(c)(2) and Fed.R.Civ.P. 59. Alternatively, plaintiff asks the Court to grant a new trial on its own initiative pursuant to Fed.R.Civ.P. 59(d). Failing that, plaintiff requests that the court grant a conditional ruling pursuant to Fed. R.Civ.P. 50(c)(1), providing for a new trial in the event that the Court of Appeals for the Second Circuit reverses this Court's determination on the FMLA claim.

I hereby deny plaintiff's motion for a new trial under Rules 50 and 59. I, however, conditionally grant plaintiff's motion for a new trial pending the outcome of appellate review.

**Motion For a New Trial Under Federal Rules of Procedure 50(c)(2) and 59**

Federal Rule of Civil Procedure 59(a) provides that "a new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ.

---

1. The jury found FMLA damages in the amount of $78,631 for the year 2000, $48,194 for 2001, and no damages for either 2002 or 2003.

59(a)." Traditional reasons for granting new trials pursuant to Rule 59 include, "the verdict is too large or too small, damages are excessive ... or that there is newly discovered evidence." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2805 (2d ed.1995). Federal Rule of Civil Procedure 50(c)(2) "regulates the verdict winner's opportunity to move for a new trial if the trial court has granted a Rule 50(b) motion for judgment n.o.v." *Neely v. Martin K. Eby Construction,* 386 U.S. 317, 324, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967). It provides that "any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered shall be filed no later than 10 days after entry of the judgment." Finally, Federal Rule of Civil procedure 59(d) provides that "[n]o later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion."

*The FMLA Claim*

■ As I stated in my July 2 opinion, FMLA leave is available only to an employee who needs "to care for" a family member. *Fioto,* at 404. Mr. Fioto's FMLA claim failed as a matter of law because he presented no evidence from which a reasonable jury could have concluded that he provided physical or psychological care for his mother at the hospital. *Id.,* at 404. Mr. Fioto requests a new trial so that he may introduce evidence to remedy that omission. Plaintiff now maintains that he is entitled to a new trial on the FMLA claim because: (1) the defect in the proof of the "to care for" element of the claim can be readily cured by a "token" amount of additional testimony from plaintiff and his father, Anthony Fioto, Sr.; (2) a new trial would comport with considerations of judicial economy; and (3) "substantial injustice" would otherwise occur. (Pl. Brief, at 6).

■ Plaintiff is indeed correct that a district court can, in an exercise of its discretion, order a new trial pursuant to Rule 50 and 59 "where justice would be served by it; where ... it is obvious that the defect in proof ... is a thing that may be remedied at a new trial without perjury." General William D. Mitchell, Chairman of Advisory Committee, in *New York Symposium on Federal Rules,* 1938, pp. 283–284 (emphasis added); *see also Network Publications, Inc. v. Ellis Graphics Corp.,* 959 F.2d 212, 213–214 (11th Cir. 1992).

■ But in this Circuit, a litigant seeking to reopen the proof must proffer evidence "which was not available, or by the use of reasonable diligence could have been available for use at the original trial." *Mayer v. Higgins,* 208 F.2d 781, 783 (2d Cir.1953). As another court in this district has noted, the policy for this rule is clear: "Litigation would be intolerably drawn out if parties failing to offer evidence readily available to them were permitted to reopen the proof if disappointed by the result." *Granholm v. TFL Express,* 576 F.Supp. 435, 456 (S.D.N.Y.1983). Thus, the policy permitting a party to "cure" a defect in proof must be balanced against the need for judicial economy. Plaintiff suggests that the policy permitting "cure" is favored here because the denial of a new trial would result in "substantial injustice."

■ The interests of justice would not be served by granting plaintiff a new trial on the FMLA claim.

Plaintiff suggests no reason why he failed to offer proof in support of his FMLA claim at trial. Mr. Fioto testified at trial, but did not present any evidence that he was "needed to care for" his mother on June 15, 2000. Plaintiff and his father now seek to introduce new affidavits showing that "it was [plaintiff's] intention to go to the hospital to assist his father in

making all medical decisions relating to his mother's surgery" and that plaintiff "comforted" and "reassured" his mother in the hours before surgery. [P. Brief, at 8–9]. There is nothing that prevented either plaintiff or his father from offering this testimony at trial. The affidavits attached to this motion therefore cannot constitute newly discovered evidence, thereby necessitating a new trial. *See Shults v. Henderson*, 110 F.R.D. 102, 105 (W.D.N.Y. 1986) (new affidavits from witness who previously testified at trial not adequate basis for granting a new trial on damages).

Plaintiff argues that a more appropriate precedent for this Court to consider is *Network Publications, Inc.*, 959 F.2d 212, 215 (11th Cir.1992), in which the Tenth Circuit reversed a trial court for denying a seller's motion for a new trial on a breach of warranty claim, where the buyer-plaintiff proved breach of warranty, but failed to present sufficient evidence of the amount of damages suffered. However, in *Network Publications*, there was at least some evidence in the record showing that buyer was damaged—just not enough to calculate the damage award. Here, as I have already found, the record was completely barren of evidence to support the "to care for" element of Fioto's FMLA claim. Again, Fioto points to defendant Lee's use of the words "to take care of his mom" in describing why Fioto did not come to work on June 15, 2000. But as I stated in my prior opinion, Lee had no knowledge of what plaintiff was doing or was needed to do at the hospital. Certainly, there is no evidence that plaintiff ever communicated to Lee that he was needed to make medical decisions or comfort his ailing parent. For all Lee knew, plaintiff was simply present at the hospital—which does not constitute "caring for" a FMLA-qualifying relative.

 Finally, a new trial would not comport with the interests of judicial economy.

I am in no position to reempanel the jury that heard the original evidence so they can listen to fifteen minutes of testimony. A new trial would be precisely that—a new trial, requiring new jury selection, new testimony from all the witnesses and another week of this Court's time. Judicial economy is best served by having the plaintiff present all admissible evidence the first time around, not by having a "practice trial" or "moot court" and then starting over again to allow plaintiff to fill in evidentiary omissions.

*The "Contract Damages" Claim*

Plaintiff timely filed this motion seeking a new trial on the damages portion of its breach of contract claim on the grounds of jury error. Specifically, plaintiff alleges that the jury erred because "... they awarded different amounts [for the contract claim and the FMLA claim] for plaintiff's losses stemming from the same event, his termination." *Fioto*, at 406 n. 2. It is certainly strange that the jury awarded different damage awards for the breach of contract and FMLA claims. Nevertheless, those conflicting awards, in and of themselves, do not entitle plaintiff to a new trial under the circumstances of this case.

 A district court does not have unfettered discretion to grant a new trial. In fact, the Second Circuit has instructed district courts to "abstain from interfering with [a jury] verdict unless it is quite clear that the jury has reached a seriously erroneous result" that would result in "a miscarriage of justice." *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir.1978); *Lang v. Birch Shipping Company*, 523 F.Supp. 1112, 1115 (S.D.N.Y.1981). Thus, a verdict on damages "can be set aside as clearly excessive or inadequate only when 'the verdict is so disproportionate to the injury and its consequences as to shock the conscience of the court.'" *Simone v. Crans*, 891 F.Supp. 112, 113 (S.D.N.Y.1994).

There was no dispute among the parties that plaintiff had a written and oral Employment Agreement. [Joint Pretrial Order, Stipulated Facts, at 2]. The parties also agreed that plaintiff began his employment with defendant in April 1999 and left on June 16, 2000. [*Id.*, at 1]. Plaintiff's yearly salary was $85,000. [*Id.*, Plaintiff's Contentions, at 3]. Plaintiff contended that he was entitled to commission and bonuses in an amount between $678,125 and $1,220,625 in addition to his yearly salary. [*Id.*]. At the close of trial, I submitted the following charge, without objection, to the jury on the contract claim damages:

> The measure of general damages for the breach of a contract is the amount which will compensate the injured party—the Plaintiff—for the economic loss he suffered as a result of the breach. The injured party should receive those damages naturally arising from the breach. As nearly as possible, the injured party should receive the equivalent of the benefits he would have received had the Defendant performed under the contract.
>
> A party may only recover as damages amounts that both parties reasonably contemplated or foresaw at the time they made the contract. In determining whether a particular element of damages was foreseeable, you must look first and foremost to the terms of the contract itself, as well as to any negotiations or discussions leading up to the contract. The terms of a written contract that purports to be the full and complete agreement between two parties cannot be varied by oral understanding allegedly reached prior to the signing of the document. Here, the parties have stipulated that the parties were abiding by the unsigned Employment Agreement, which is PX 6.

> Damages must be reasonable. Plaintiff cannot recover a greater amount in damages than he could have gained by the full performance of the contract.
>
> It is your duty to determine what loss, if any, the Plaintiff suffered as a result of the Defendant's breach, and to award those reasonable damages that put the Plaintiff in the same economic position he would have been if the Defendant had not failed to perform under the contract. In a contract like the one at issue here, loss to the Plaintiff is measured as the money he would have earned had he been permitted to complete anticipated—but non-speculative—sales, under the agreement without being prevented from doing so by Defendant.

For the breach of contract claim, the jury awarded plaintiff $74,375.

■ The Court's conscience is not shocked by the jury's finding of damages in the amount of $74,375 for defendant's breach of its employment contract with plaintiff. Plaintiff's Employment Agreement was for a salary of $85,000. In response to a special interrogatory, the jury found that plaintiff's employment would have terminated on April 30, 2001, had he not been fired by Defendant Lee on July 16, 2000. The jury charge required the jury to award damages for plaintiff's "anticipated—non-speculative" future earnings under the Agreement. Based on this record, the jury could reasonably have concluded that the amount of expected losses for the breach of contract was the amount of salary plaintiff would have earned from July 16, 2000 through April 30, 2001—a period of nine and one-half months. The jury's verdict comports with a finding that Fioto would have received his salary during that period and would have made some money in addition, but would not have earned very much in the way of commissions.[2] I cannot say that

2. $74,375 is more than 75% of an $85,000 annual salary ($63,750). So the jury obvious-

the jury reached an erroneous result or that its' decision resulted in a miscarriage of justice. *U.S. Football League v. Nat'l Football League*, 644 F.Supp. 1040, 1055 (S.D.N.Y.1986) (damages award not inadequate where award was supported by evidence in the record), *aff'd*, 842 F.2d 1335 (1988).

It certainly appears that the measure of damages for breach of contract and for FMLA should be congruent in plaintiff's case, since the court's charge on FMLA damages was substantially similar to the charge on breach of contract damages.[3] So it is in theory illogical for the jury to have come back with a different amount in damages on the FMLA claim. However, the FMLA verdict has been vacated—vacated in a decision on a post-trial motion that was itself further argument on a motion for directed verdict as to which the court reserved decision. In effect, the court ultimately granted the motion for a directed verdict, which means the jury should never have deliberated on the claim. Their verdict is a nullity. Therefore, the fact that the damages awarded on the FMLA claim differ (inexplicably) from those awarded on the contract claim, while interesting, is irrelevant. What is relevant is that the contract damages awarded do not shock the conscience and are fully in accord with a reasonable view of the evidence and the court's charge. They are simply not, as plaintiff urges, inadequate.

■ A district court has "inherent authority to order a new trial in the face of verdicts which are wholly inconsistent." *Id.*, at 1046. Yet, courts also have "a constitutional obligation to search for an interpretation of the case which reconciles the verdicts, and which respects the principle that juries are not bound by what seems inescapable logic to judges." *Id.* Assuming *arguendo* that it is proper to consider the vacated verdict where the award on the remaining claim is reasonable, the two awards, while not congruent, are also not "wholly inconsistent." Both are for amounts far less than plaintiff sought, and are in keeping with a view of the evidence that favored limiting plaintiff's recovery to his base compensation and modest commissions. This is not a case where one award is an unconscionable multiple of the other. *See Wickham Contracting Co. v. Board of Education of the City of New York*, 715 F.2d 21, 28 (2d Cir.1983) (reversing damage award and remanding for retrial where district court awarded approximately *six times* the amount of damages for a secondary boy-

---

ly awarded some commission income. There was testimony at the trial about the fall-off in the economy at about the time plaintiff was terminated, which could well have caused the jury to conclude that plaintiff's forecast of his commissions' earnings potential during that nine-month period (some of which included the winter, non-golf playing months) was unduly rosy.

3. In pertinent part, the FMLA damages charge read:

*For FMLA purposes, you will need to identify how much money, in wages, salary, employment benefits or other compensation, if any, plaintiff would have earned in each year in which you find he would have been employed by the defendant, up to and including*

*today.* You will see on the verdict sheet a line for each year 2000, 2001, 2002 and 2003. *As to each year, please insert the amount of money, if any, that you find plaintiff would have earned, less any amount in mitigation, which I will tell you about in just a minute.* If you conclude based on the evidence that Mr. Fioto's employment with defendants would have ended at some point prior to today's date, then that date will be the cut off date for loss of income due to a FMLA violation. You will be asked to indicate on the verdict sheet the date which you find plaintiff's employment would have ended. If you conclude that defendant would still be employed at Manhattan Woods today, you will insert today's date on the verdict sheet. (Emphasis added).

cott claim as for an antitrust claim, even though liability under either theory was based on the same illegal acts such that the award amounts should have been identical). In the circumstance here presented—i.e., where vacatur of the FMLA judgment means that, as a practical matter, there are no inconsistent verdicts to reconcile—this analysis does not support the conclusion that a new trial is needed to redress some manifest injustice.

■ I will, however, grant plaintiff's motion for a conditional ruling on a new trial pending appellate review.

Plaintiff cites Rule 50(c)(1) as a basis for his motion for a new trial. Ordinarily, Rule 50(c)(1) requires the Court to make a conditional ruling on a motion for a new trial only where "a party joins a motion for a new trial with his motion for judgment n.o.v., or prays for a new trial in the alternative, and the motion for judgment n.o.v. is granted." Federal Rules of Civil Procedure, Advisory Committee Notes, 1963 Amendment. "The alternative motion ... is a remedy for the party who lost the verdict sheet initially and asks for judgment as a matter of law under Rule 50(b)." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2539 (2d ed.1995). In this case, the defendants are governed by 50(c)(1), as they lost the verdict initially, but were granted post-verdict judgment as a matter of law. The new trial motion of Mr. Fioto, the verdict-winner in this case, is governed not by 50(c)(1), but by Rule 50(c)(2), which "states that the verdict-winner may apply to the trial court for a new trial pursuant to Rule 59 after the judgment n.o.v. has been entered against him." Federal Rules of Civil Procedure, Advisory Committee Notes, 1963 Amendment.

In rare circumstances, a Court may conditionally grant a new-trial motion pursuant to Rule 50(c)(2). Such a circumstance has been found to exist where the damages awarded by the jury were clearly inadequate. *See Tribble v. Bruin,* 279 F.2d 424 (4th Cir.1960). Here, the contract damages are not clearly inadequate. However, if the jury's verdict on the FMLA claim were to be reinstated by the Second Circuit, there would have to be a new trial on damages, if only because I could not determine the amount in which I should direct the Clerk to enter judgment without running afoul of the "no double recovery" rule. So this is one of those "rare circumstances" in which plaintiff is entitled to a conditional ruling granting him a new trial should he obtain reinstatement of the FMLA verdict on appeal.

This constitutes the decision and order of the Court.