Anthony **FIOTO**, Jr., Plaintiff–
Appellant,

v.

**MANHATTAN WOODS ENTERPRISES LLC, Manhattan Woods GC, Manhattan Woods Golf Club, LLC and Kang Lee, Also Known as Ken Lee, Defendants–Appellees.**

No. 04–1378–CV.

United States Court of Appeals,
Second Circuit.

Feb. 17, 2005.

Todd D. Muhlstock, Mergel Tubman & Grossman, Mineola, NY., for Appellant.

Patrick M. Murphy, McCabe, Collins, McGeough & Fowler, LLP, Mineola, NY., for Appellee.

Present: MCLAUGHLIN, SOTOMAYOR, Circuit Judges, and CEDARBAUM, District Judge.*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Anthony Fioto, Jr. appeals from a judgment of the United States District Court for the Southern District of New York (McMahon, J.), partially granting defendants-appellants' Fed.R.Civ.P. 50(b) motion for judgment as a matter of law by vacating the jury's verdict on Fioto's Family and Medical Leave Act ("FMLA")

---

* The Honorable Miriam Goldman Cedarbaum, United States District Court for the Southern District of New York, sitting by designation.

claim. Fioto also appeals the district court's denial of his motion for a new trial pursuant to Fed.R.Civ.P. 50(c)(2) and Fed. R.Civ.P. 59 on his FMLA and breach of contract claims. We assume familiarity by the parties with the facts and procedural history of the case.

■ The FMLA states in relevant part that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period ... [i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Under the relevant regulation interpreting the statute, "[t]he medical certification provision that an employee is 'needed to care for' a family member encompasses both physical and psychological care." 29 C.F.R. § 825.116(a).

We review de novo a district court's judgment as a matter of law under Fed. R.Civ.P. 50(b). See Toporoff Eng'rs, P.C. v. Fireman's Fund Ins. Co., 371 F.3d 105, 108 (2d Cir.2004). Few courts, including our own, have interpreted the "needed to care for" language of 29 C.F.R. § 825.116(a). Nevertheless, we need not do so here in order to dispose of the instant appeal. Even adopting the most generous construction of this phrase, as did the district court, we find that Fioto's trial testimony established only that he missed work in order to visit his mother at the hospital while she was admitted there for cancer surgery. He did not testify to an intent to provide her with psychological or physical care, nor did he testify to providing his mother with actual care during his hospital visit. His testimony that he did not see his mother after she came out of surgery ipso facto means that he could not have cared for her during this time. Nor did Fioto testify, for example, that he visited the hospital in order to discuss with doctors his mother's course of treatment or recuperation. Fioto also failed to testify about prior hospital visits that he made in order to provide care for his mother such that the jury could have reasonably inferred that the visit at issue in this appeal was made with the aim of caring for his mother. In short, Fioto provided no facts from which the jury could have reasonably inferred that he intended to provide care for his mother at the hospital or actually gave her such support during his visit. Cf. Scamihorn v. Gen. Truck Drivers, 282 F.3d 1078, 1087–88 (9th Cir.2002) (holding that plaintiff had "cared" for his father, who suffered severe depression after murder of his daughter, within meaning of FMLA interim regulation because, inter alia, he discussed with his father grief associated with murder and provided reassuring physical presence to his father). At best, plaintiff's trial testimony only supported the inference that he intended to visit his mother while she was hospitalized. For the reasons discussed by the district court, standing alone, an employment termination on account of such an incident cannot give rise to an FMLA claim. Cf. Marchisheck v. San Mateo County, 199 F.3d 1068, 1076 (9th Cir.1999) (holding, inter alia, that mother's act of taking leave in order to relocate her son to live abroad, while motivated by concern for her son's physical and psychological condition, did not constitute "care" within the meaning of FMLA because she had no plans to seek medical or psychological treatment for her son abroad).

■ We review for abuse of discretion a district court's decision not to grant a new trial pursuant to Fed.R.Civ.P. 59. See Diamond D Enters. USA, Inc. v. Steinsvaag, 979 F.2d 14, 17 (2d Cir.1992). We find that the district court did not abuse its discretion in denying Fioto a new trial on

his FMLA and breach of contract claims. For substantially the reasons discussed in the district court's opinion, *see Fioto v. Manhattan Woods Golf Enters., LLC.,* 304 F.Supp.2d 541 (S.D.N.Y.2004), we find that plaintiff did not adequately explain his failure to offer proof in support of his FMLA claim at trial and a new trial would neither promote judicial economy nor remedy "substantial injustice." Furthermore, as noted by the district court, the jury's damages award corresponded to the plaintiff's lost salary for the time remaining on the contract, plus a modest supplement for commissions.

For the reasons discussed, the judgment of the district court is AFFIRMED.